RUSS *v.* CIVIL SERVICE COMMISSION OF PINE BLUFF.

5-169                                    262 S. W. 2d 137

Opinion delivered November 23, 1953.

*Murry & Anders* and *Brockman & Brockman,* for appellant.

*R. A. Eilbott, Jr.,* for appellee.

ED. F. McFADDIN, Justice. Appellant, L. D. Russ, was discharged from the Fire Department of Pine Bluff. His claim—that such discharge was improper and illegal—was denied by the Civil Service Commission of Pine Bluff, and by the Jefferson Circuit Court. The procedure has been followed just as stated in the case of *City of Little Rock* v. *Newcomb,* 219 Ark. 74, 239 S. W. 2d 750.

Russ now argues two points, which we discuss:

I.  *Power of the Chief of the Fire Department to Discharge—Rather Than to Merely Suspend—Russ.* The Civil Service Commission of Pine Bluff had rules and regulations governing the Fire Department. Sec. 6 of the rules, in reference to the power of the Chief of the Fire Department, says:

"Sec. 6.   He shall have power to summarily suspend any member of the department from duty, for flagrant violation of the rules and regulations where the reputation and discipline of the department would suffer if such action were not taken. He shall promptly report such suspension to the Civil Service Commission."

Appellant claims that under the above section, the Fire Chief could only *"suspend"*; and appellant says "suspend" is entirely different from "discharge". After a study of all the Pine Bluff Civil Service rules and the procedure under them, as well as the language of Act No. 326 of 1949, we reach the conclusion that the appellant's claimed distinction between "suspend" and "discharge" is not sound. In 83 C. J. S. 925, cases from many jurisdictions are cited to sustain the text:

"In connection with employment, 'suspend' may refer to a permanent discharge from employment, or it may mean to remove, either temporarily or permanently, from employment."

Furthermore, even if the Fire Chief could only "suspend", nevertheless the Civil Service Commission of Pine Bluff did in effect "discharge": so appellant's first point is without merit.

II.  *Sufficient Cause for Russ' Dismissal.* In the Fire Department in Pine Bluff, the grades, from highest to lowest, were: (a) Fire Chief; (b) Assistant Fire Chief; (c) Captain; (d) Driver; (e) Hoseman. Russ was a regular Hoseman for Station No. 3, and had been so employed for approximately 18 months. He had also served infrequently as a Driver at that station, as it was customary for Hosemen to serve as Drivers, in order to learn

the work and be able to pass the examination to the higher grade. On July 29, 1952, the regular Driver at Station No. 3 went on two-weeks vacation, and Russ was told that he would be the Driver for that time. There was no vacancy as Driver, and Russ had not taken the examination to become a Driver. He was to do the work only during the vacation of the regular Driver.

Russ definitely and positively refused to serve as Driver unless and until he received the pay of a Driver, which was about $15.00 per month more than the pay he was receiving as a Hoseman. The Captain of Station No. 3 informed the Fire Chief of Russ' refusal, and on July 30th, Russ and the Fire Chief had a telephone conversation, in which Russ again refused to serve as Driver. Thereupon, the Fire Chief gave Russ written notice of his discharge, effective immediately. It was shown that after Russ' refusal, the Captain of Station No. 3 served as the Driver. It was also shown that the Hoseman did not receive Driver's wages, unless there was a vacancy in the rank of Driver, which vacancy did not exist at the time of Russ' refusal.

Russ admitted his refusal to act as Driver unless and until he received the extra pay. He admitted full knowledge of the rules of the Civil Service Commission, which provided, *inter alia*:

"Sec. 49. The following acts, infractions, or violations of the rules and regulations shall be deemed, upon conviction, as sufficient cause for dismissal from the service: '1. Willful disobedience of lawful orders . . .'"

Under all the evidence in this record, we conclude that the Circuit Court was correct in sustaining the Civil Service Commission of Pine Bluff in its action in discharging Russ for wilful refusal to obey the lawful order to act as a Driver during the vacation period of a fellow fireman.

Affirmed.

The Chief Justice concurs.