Gene TITTLE *v.* CITY OF CONWAY et al

CA 79-258 599 S.W. 2d 412

Court of Appeals of Arkansas
Opinion delivered April 30, 1980
Released for publication May 21, 1980

*Guy H. Jones, Phil Stratton, Guy Jones, Jr., Casey Jones,* by: *Guy H. Jones* and *Guy Jones, Jr.,* for appellant.

*Jessee W. Thompson,* for appellees.

JAMES H. PILKINTON, Judge. This is a case involving the dismissal of an officer from the Conway Police Department. Appellant, Gene Tittle, was dismissed from the Conway Police Department on February 28, 1975, by a letter of discharge from the chief of police which cited violations of certain sections of the rules governing the conduct of police officers. A hearing was held before the Civil Service Commission beginning on March 24, 1975, and extending over several days. Appellant was represented by counsel. On May 7, 1975, the Civil Service Commission voted unanimously to uphold the dismissal of Lieutenant Tittle by Chief Ruben Goss.

Appellant filed his notice of appeal to the circuit court, having previously filed a separate action against Ruben Goss, Jim Hoggard, Mayor of the City of Conway, and Vonnie Taylor, the present Chief of Police for the City of Conway, seeking a writ of mandamus directing that appellant be reinstated immediately. The cases were consolidated for trial, and the circuit court, on March 2, 1979, sustained the findings of the Civil Service Commission. Appellant now brings this appeal.

Appellant argues that the decision of the circuit court was contrary to the law and evidence.

The statute governing this case is Ark. Stat. Ann. § 19-1603 (Repl. 1980):

> Rules & Regulations. The Board of Civil Service Commissioners herein provided shall prescribe, amend and enforce rules and regulations governing the fire and police departments of their respective cities, and said rules and regulations shall have the same force and effect of law.

> These rules shall provide:

10. For suspension for not longer than 30 days, and for leave of absence.

11. For discharge or reduction in rank or compensation after promotion or appointment is complete, only after the person to be discharged, or reduced, has been presented with the reasons for such discharge or reduction in writing.

The person so discharged or reduced shall have the right within ten days from the date of notice or discharge or reduction to reply in writing and should said person deny the truth of such reasons upon which such discharge or reduction is predicated and shall demand a trial, said Commission shall grant a trial as provided hereinafter.

The rules and regulations for the City of Conway give the chief of police certain powers in disciplining police officers. Pursuant to Section 2, Paragraph 5, the chief of police is given the power to suspend an officer:

He shall have the power to summarily suspend any member of the department from duty for flagrant violations of the rules and regulations and where the reputation and discipline of the Department would suffer if such action were not taken. In the event of such suspension he shall, as soon thereafter as is practicable, notify the suspended member in writing, setting forth grounds for such suspension, the terms and duration thereof. He shall, by signed copy of the above written notice of suspension, notify the Mayor, the Secretary of the Civil Service Commission and the City Attorney.

Also, in Section 5, Paragraph 31, a city police officer can be dismissed for violation of the rules:

The following acts, infractions or violations of the Department Rules and Regulations shall be deemed, *upon conviction,* as sufficient cause for separation from the Department. . . .

Appellant argues that since the chief of police was given only the power to suspend an officer, he went beyond his permissible discretion when he discharged appellant. Appellee contends that *Russ* v. *Civil Service Commission of Pine Bluff*, 222 Ark. 666, 262 S.W. 2d 137 (1953) should be controlling in this case. In *Russ, supra,* a member of the fire department was discharged by the fire chief. The City of Pine Bluff had an identical regulation as the one in this case, giving the fire chief only the power to "summarily suspend" a member of the department for "flagrant violation" of the rules and regulations. In that case appellant claimed that the fire chief had only the power to suspend an officer and therefore, his discharge was improper and illegal. The Civil Service Commission and the Jefferson Circuit Court upheld the discharge. On appeal, the Arkansas Supreme Court held that appellant's claimed distinction between "suspend" and "discharge" was unsound. The court stated that "suspend" can mean permanent discharge from employment. The court stated further that even if the fire chief could only suspend, nevertheless the Civil Service Commission in effect "discharged" the employee. With regard to the commission's discharge, there was sufficient cause for appellant's dismissal.

We agree that *Russ, supra,* would be dispositive of the issue. However, appellant argues that *City of North Little Rock* v. *Montgomery*, 261 Ark. 16, 546 S.W. 2d 154 (1977), in effect, overrules the holding in the *Russ* case. In *Montgomery, supra,* appellee, a police officer, was indefinitely suspended without pay by the chief of police, pending an investigation of certain criminal offenses involving appellee. The commission upheld the indefinite suspension, but the circuit court reversed on the basis of § 19-1603(10) which limits a suspension to thirty days.

On appeal, the City of North Little Rock argued that the statute should be liberally construed and when "exigent circumstances so demand", a longer suspension should be allowed. Furthermore, it contended that since the commission had the power to discharge an employee, by implication, the commission could suspend an employee for more than thirty days.

The Arkansas Supreme Court rejected both arguments. The court stated:

> We have held that '[T]he meaning of a statute must be determined from the natural and obvious import of the language used by the legislature without resorting to subtle and forced construction for the purpose of limiting or extending the meaning. It is our duty to construe a legislative enactment just as it reads.' *Black v. Cockrill, Judge,* 239 Ark. 367, 389 S.W. 2d 881 (1965). We have also said '[I]n construing statutes in the absence of any indication of a different legislative intent, we give words their ordinary and usually accepted meaning in common language.' *Phillips Petroleum* v. *Heath,* 254 Ark. 847, 497 S.W. 2d 30 (1973).

> In the case at bar the legislature, in plain and ordinary words, expressly limited a suspension of a policeman or foreman to a period of thirty days and then directed the appellant '[t]o adopt such rules not inconsistent with the act.' Therefore, the trial court was correct in its interpretation of the act. To hold otherwise would be contrary to the obvious and unambiguous intent of the legislature. That forum and not the courts is the proper place to urge a change in this legislative enactment.

We believe the import of the *Montgomery* decision overrules the holding in *Russ* insofar as the definition of the word "suspend" is concerned. "Suspend" does have a distinct meaning in and of itself. Hence, the Chief of Police of Conway did not have the power to discharge appellant under the statute and regulations in force.

In the case before us, the police chief could only suspend appellant for a period of 30 days. Nevertheless, the Civil Service Commission did have the power of discharge and its decision of May 7, 1975, had the effect of discharging appellant. Thereafter appellant was afforded an appeal to circuit court where the matter was heard de novo. He was represented by counsel in circuit court, and was given an opportunity to present additional evidence. Appellant did in

fact offer additional evidence before the court which included his own testimony and that of former Chief of Police Ruben Goss. The circuit judge wrote an opinion covering the full proceedings, and making certain findings of fact which we find to be supported by substantial evidence. The circuit court upheld the dismissal of appellant. The court below thought *Russ* was controlling. However, it has long been the rule in Arkansas that the trial judge's decision will not be reversed if he reached the right results, even though he gave an erroneous reason. *Moose* v. *Gregory,* 267 Ark. 86, 590 S.W. 2d 662 (1979); *Greeson* v. *Cannon,* 141 Ark. 540, 217 S.W. 786 (1920). In the instant case, there is abundant evidence to support a finding of dismissal. Witnesses for the City of Conway testified that appellant frequently left his work early while on the night shift; that he had been known, on occasion, to come to work after he had been drinking. There was evidence of other conduct unbecoming to a police officer. Although the police chief did not have the power to dismiss, he did have the power to suspend appellant for thirty days. Following appellant's dismissal, he had the opportunity to have his case reviewed by both the Civil Service Commission and the circuit court. Hence, in light of what we find to be the correct law in this case, we believe the trial court's finding is supported by substantial evidence and find no reversible error. The letter of dismissal, however, must be treated as a "summary suspension" for thirty days, entitling appellant to compensation for his salary dating from the expiration of his "suspension" until the decision of the commission was handed down.

Affirmed as modified.