REESE v. CANNON.

Opinion delivered January 21, 1905.

1. CERTIORARI—PRACTICE.—Certiorari does not lie to correct mere errors or irregularities, and cannot be used as a substitute for appeal or writ of error, save where the right is lost without fault of petitioner; and it lies to correct the lower tribunal only when it proceeds illegally, and there is no other method of arresting its action. (Page 606.)

2. COUNTY SEAT REMOVAL—APPEAL—POWER OF JUDGE TO STAY PROCEEDINGS. —A circuit judge in vacation has authority to restrain the removal of a county seat during the pendency of an appeal from the county to the circuit court, or where the proceedings lack any of the statutory requirements preliminary to a proper removal. (Page 606.)

3. REVIEW ON CERTIORARI—HARMLESS ERROR.—A judgment may be correct, though based on mistaken reasoning. (Page 607.)

4. CERTIORARI—PRESUMPTION OF REGULARITY.—On certiorari to quash an order of the circuit judge staying proceedings in a county seat removal case until an appeal to the circuit from the county court could be heard, it will be presumed, in the absence of a contrary showing in the record, that certain persons who were admitted by the county court as parties to represent the contesting town were either residents, citizens or taxpayers of the county, and therefore were properly made parties. (Page 607.)

Certiorari to Howard Circuit Court.

JAMES S. STEEL, Judge.

Writ denied.

*Feazel & Bishop, D. B. Sain* and *W. C. Rodgers,* for petitioners.

Certiorari is the proper remedy. 60 Neb. 773, 775; 45 Ark. 158, 160, 161; 14 Ark. 337; 39 Ark. 126; 52 Ark. 213, 222; 9 Ark. 73; 50 Ia. 676, 679; 30 Ark. 435; 20 Ark. 573; 14 Ark. 237; 29 Ark. 173; 39 Ark. 126. The actions of a judge at chambers, requiring judicial determination, are the acts of a court within the law, so as to be subject to review by this court. 45 Ark. 158, 160, 161; 60 Neb. 773. The question of *res judicata* can have no place in this action, it being here sought, upon certiorari, by direct attack, to set aside a judgment. Mandamus was not the proper proceeding. Kirby's Dig. § 5155; 8 Ark. 424; 14 Ark. 337; 61 Ark. 607; 6 Ala. (N. S.) 91. The contestants have no right to maintain their action, in this case, because the pleadings do not show that they are either residents or citizens of Howard County, or that they have any interest in the subject-matter. 57 Ark. 332; 43 Ark. 219, 220. The allegations in the notice of contest, if taken as true, do not entitle the contestants to any relief. Statutes concerning the manner of conducting elections are directory, unless a non-compliance is expressly declared to be fatal to the validity of the election or will render doubtful the result. 43 Ark. 62, 66; 50 Ark. 266. The allegation of fraud is merely a statement of a conclusion, and cannot serve as a foundation for a complaint. 1 Ark. Law Rep. 170. The record does not show that the contestants were entitled to any relief, and shows, moreover, that the judge, in vacation, had no jurisdiction. 9 Ark. 73; 45 Ark. 158; 34 Fla. 389; 50 Ia. 676.

*W. D. Lee,* for respondents.

Hill, C. J. This is an application for a certiorari to bring up the order which was the subject-matter of the recent case of *Reese* v. *Steel, ante,* p. 66. In that case the execution of the order restraining the removal of the county seat of Howard County from Centre Point to Nashville was sought to be prohibited, and in this case that order is sought to be reviewed on certiorari.

For the purposes of this case, an order made by a circuit judge, in vacation, in a case returnable to the next term of the

circuit court will be treated as proper subject-matter for review on certiorari; but the point is not decided, and not necessary to be decided herein.

Certiorari does not lie to correct errors or irregularities, and it cannot be used as a substitute for an appeal or writ of error (except where the right is lost by no fault of the applying party); and it lies only to correct the lower tribunal when it proceeds illegally, and there is no other method of arresting its action, reaching to such illegal proceedings as want of jurisdiction or an assumption of excessive jurisdiction and matters of like character. *Grinstead* v. *Wilson*, 69 Ark. 587; *Merchants & Planters Bank* v. *Fitzgerald*, 61 Ark. 605; *Pine Bluff, etc., Co.* v. *City of Pine Bluff*, 62 Ark. 196. The authorities in this State and elsewhere are fully reviewed and cited in the cases above referred to. The above statement is not intended to apply generally to all uses of the writ of certiorari, but to its uses and office in proceedings like the one at bar.

There are found but two questions for decision which have not been passed upon in the prohibition case.

1. Is the order of the circuit judge an improper exercise of his jurisdiction? Counsel well say that was not open to question in prohibition, which does not go beyond an inquiry as to whether he proceeded within his jurisdiction. Conceding that certiorari would reach an illegal or erroneous exercise of that jurisdiction, do the facts bring this case within it?

As pointed out in the prohibition case, the circuit judge, in vacation, cannot issue the writ of mandamus, but he may issue restraining orders in aid of a pending mandamus suit, and in furtherance of the appellate jurisdiction of the circuit court; and that is what this order was. It is true that the circuit judge gave, as a reason for issuing the restraining order, that a good and sufficient supersedeas bond has been tendered and refused, and, notwithstanding it, the county judge would carry into effect the removal of the county seat pending the appeal. The court held in the prohibition case that the supersedeas bond only superseded the costs, and did not supersede so much of the judgment as was self-executing; but the court also held that a self-executing judgment, like the one in question, did not necessarily mean an immediate removal of the county seat. It is, therefore, left a

proper subject-matter for the circuit judge, in vacation, to restrain the removal of a county seat pending an appeal, or when the proceedings lack any of the statutory requirements preliminary to a proper removal. It is certainly not an erroneous exercise of the circuit judge's authority to restrain the removal of a county seat pending an appeal which is to decide whether or not the removal was ordered by the requisite vote. The county seat and county records should not be used as battledore and shuttlecock pending the litigation over their proper location. "A judgment may be correct, though based on mistaken reasoning; and, if there be no error in the finding of facts, such a judgment may well stand." *Keith* v. *Freeman,* 43 Ark. 296; *Hershy* v. *Latham,* 46 Ark. 542; *Pipkin* v. *Williams,* 57 Ark. 242. The appellate court looks to the correctness of the judgment in review, and not to the reasons given for the judgment.

There was no error in restraining the removal pending the hearing of the appeal and pending the mandamus suit.

2. It is insisted that neither the complaint nor the order showed that the petitioners were residents, citizens or taxpayers of Howard County, and that, without such affirmative showing, no cause of action was stated, and no valid order could be predicated upon a complaint which failed to show a right in the petitioners to the relief demanded. The complaint alleged that the plaintiffs therein had filed their contest of the election, and that they had been made parties to the record representing Centre Point, and that they had prayed an appeal, which was granted. The order recited that the plaintiffs had been made parties to the record, and had prayed and were granted an appeal therefrom. The county court could not properly permit them to become parties to the record, and represent one of the contesting towns, and grant them an appeal, unless they showed their interest as taxpayers, residents or citizens; and it cannot be presumed in this hearing that the county court admitted improper parties to represent the contestant. That they were admitted as such parties raises the presumption that they were properly admitted and duly qualified to become parties to the proceedings, and appeal, and there is nothing in this record to overcome that presumption.

The writ of certiorari is denied.