## BYERS *v.* HAYNIE.

### Opinion delivered February 5, 1917.

1. APPEAL FROM COUNTY COURT—LOSS OF JURISDICTION BY COUNTY COURT.—In a contest over an election for the removal of a county seat, a judgment of the county court is final unless suspended by an order of the circuit court, but after the lapse of the term and the taking of an appeal to the circuit court, the county court has no further control over the matter.

2. ELECTION CONTESTS—COUNTY SEAT—APPEAL FROM COUNTY COURT— JURISDICTION OF CIRCUIT COURT.—In a contest of an election for the

removal of a county seat, where an appeal has been taken to the circuit court from a judgment of the county court, ordering a removal of the county seat, it is within the power of the circuit court, or the circuit judge in vacation, to make an order suspending the judgment of removal pending the trial of the case in the circuit court on appeal.

3. ELECTION CONTESTS—APPEAL TO SUPREME COURT.—Where, in an election contest, the county court, entered an order of removal of the county seat, and an appeal was taken to the circuit court, where the judgment of the county court was upheld, and on appeal to the Supreme Court, the judgment of the circuit court was reversed and the cause remanded for further proceedings. *Held,* the effect of the judgment of the Supreme Court was merely to wipe out the judgment of the circuit court and to remand the cause to that court with the same status as if there had never been any trial there.

4. APPEAL AND ERROR—REVIEW OF DISCRETION OF CIRCUIT COURT.— The action of a trial court, especially in a matter in which it is clothed with discretion, will not be reivewed, unless the matter was brought to the attention of that court, and it refused to act or to grant appropriate relief sought.

5. COUNTY SEAT ELECTION—CONTEST—REVERSAL OF JUDGMENT OF CIRCUIT COURT—CONTROL OF DISCRETION OF CIRCUIT COURT.—In an election contest, the county judge ordered the removal of the county seat, which order was affirmed on appeal to the circuit court; upon appeal to the Supreme Court the judgment of the circuit court was reversed and the cause remanded for further proceedings. Thereafter the county judge issued an order, removing the county offices back to the old county seat. *Held,* a petition to the Supreme Court, asking that the circuit judge be restrained from interfering with the county officials in holding their offices at the old county seat, would be denied.

Mandamus to Hempstead Circuit Court; *George R. Haynie,* Judge; petition dismissed.

*D. B. Sain, Dan W. Jones, T. D. Crawford* and *Etter & Monroe,* for petitioners.

1. This court has jurisdiction to grant the writ. Const. Art. 7, § 4; 6 Ark. 9; 30 Cal. 325. Mandamus is the proper remedy. It is the only one available.

2. The writ should be granted. It is discretionary with the court. It was error to remove the county seat while the contest was pending. If a *prima facie* case was made it was overcome by the evidence and finding of this court. 124 Ark. 244.

3. The county court had jurisdiction to remove the county seat back to Washington. 33 Ark. 101.

See also 73 Ark. 607. The matter is not *res adjudicata.* The contest was appealed and the judgment reversed.

*Jas. H. McCollum, O. A. Graves* and *Rose, Hemingway, Cantrell, Loughborough & Miles,* for respondent.

1. The judgment of the county court changed the county seat and place of keeping the records and offices from Washington to Hope. 43 Ark. 62, 67; 55 *Id.* 323; 73 *Id.* 66, 72; 96 *Id.* 427. The appeal did not annul or suspend the judgment. (Cases cited).

2. The judgment of this court did not change the county seat; it still remained at Hope. This court only remanded the cause for a new trial. 75 Ark. 452; 79 *Id.* 475, 479.

Unless the mandate otherwise directs, "the reversal of a cause restores the parties to the position they occupied when the original judgment was rendered." Elliott's App. Pro., § 580; 3 Cyc. 460; 29 Ark. 85, 98. The county seat remains at Hope. 79 Ark. 479.

3. The judgment of the county court January 8, 1917, was wholly without jurisdiction and void. 55 Ark. 323; 27 *Id.* 215; 60 *Id.* 155; 102 *Id.* 277. The former judgment of the county court settled the matter and the appeal invested the circuit court alone with jurisdiction. 2 Enc. Pl. & Pr., p. 327; 2 Cyc. 967; 29 Ark. 85; 100 *Id.* 496; 104 *Id.* 145; 117 *Id.* 534; 27 *Id.* 202, 217; 60 *Id.* 159; 96 *Id.* 427; 93 *Id.* 215; 76 *Id.* 485; 95 *Id.* 308; 73 *Id.* 66, 72-5. See also 55 Ark. 200; 104 Ark. 145. The circuit judge had the power to make the order. 73 Ark. 606; 106 *Id.* 433.

PER CURIAM. This is a proceeding instituted here for the purpose of controlling the action of the circuit judge in a county seat removal contest pending in the circuit court of Hempstead county on appeal from the county court. The form of the remedy is designated in the petition as an application for a mandamus, but the prayer is that the circuit court be compelled, by an order of this court, to enforce the former judgment of this court entered in remanding the cause, and that the circuit judge be restrained from interfering with

the county officials in holding their offices at the old county seat. The main facts of the controversy are related in the petition. There was an election held in August, 1914, on the question of removal of the county seat of Hempstead county from Washington to Hope, and on the face of the returns of that election there was a majority in favor of removal and in favor of the city of Ho pe. J. H. Webb and other partisans of Washington in the controversy, instituted a contest in the county court, as provided by statute, and J. H. Bowden and other partisans of the city of Hope appeared as contestees. The contest was tried out in the county court and the result was a judgment in favor of Hope for the removal of the county seat to that place, in accordance with the majority, as shown on the face of the returns of the election. The contestants appealed to the circuit court and after the transcript was lodged there an application was made to the circuit judge for a suspension of the order of removal pending the trial of the cause in the circuit court. The application for suspension was denied by the circuit court and no appeal was prosecuted from that order, but subsequently the main cause was tried in the circuit court and judgment was rendered in favor of the contestees, from which an appeal was prosecuted to this court by the contestants. On the hearing in this court the judgment of the circuit court was reversed and the cause was remanded for a new trial. *Webb* v. *Bowden*, 124 Ark. 244. The judgment of this court was rendered in January, 1916, and the cause is still pending in the circuit court awaiting trial.

On January 8, 1917, an application was presented to the county court of Hempstead county, then sitting at Hope, asking that the county seat be removed back to Washington, on the alleged ground that the effect of the judgment of the Supreme Court was to order such an immediate removal. This petition was presented by the contestants in the cause and the county court on that day made an order in accordance with the prayer of the petition, directing a removal back to Washington.

The contestees then applied to the circuit judge, in vacation, for an order restraining the county judge, and other officers, from removing their offices and the records thereof back to Washington, and that is the order of the circuit judge which it is sought in the present proceedings to control.

The only ground alleged in the brief for requiring the circuit judge to make an order of removal back to Washington is that the necessary effect of the judgment of this court reversing the cause, was to make such an order, but the further contention was made in the oral argument, as we understood it, that the county court had a continuing control over its own orders with respect to the removal, and possessed the power, even when the cause was pending in the circuit court, to direct the removal back to Washington.

We are of the opinion that each of the contentions of counsel is without foundation. The original judgment of the county court in favor of the contestees operated as a removal of the county seat, and unless properly suspended by an order of the circuit court it took effect at once. After the lapse of the term and an appeal taken to the circuit court, the county court had no further control over the matter and could not, therefore, make any order with respect thereto. *Patterson v. Temple,* 27 Ark. 202. It was, however, within the power of the circuit court, or the circuit judge, in vacation, to make an order suspending the judgment of removal pending the trial of the case in the circuit court on appeal. *Reese* v. *Cannon,* 73 Ark. 604. No such order has been made and the original judgment of the county court yet remains in full force. It is a mistake to assume that the judgment of the Supreme Court reversing the judgment of the circuit court, had any effect on the judgment of the county court. This court, if it had found the testimony undisputed and fully developed, could have rendered final judgment here and remanded the cause to the circuit court for execution, and in that form there might have been a judgment here which operated to set aside the judgment of the county

court. But no such judgment was rendered here and the cause was remanded for further proceedings. The effect of the judgment of the Supreme Court was merely to wipe out the judgment of the circuit court and remand the cause to that court with the same status as if there had never been any trial there. *Hartford Fire Insurance Co.* v. *Enoch,* 79 Ark. 475.

It was intimated by counsel in the oral argument here that the recent appearance before the circuit judge in response to the application for injunction ought to have been treated as an effort to secure from the circuit judge an order suspending the original judgment of the county court, and that the petition now before us should be treated as an application for certiorari to review the action of the circuit judge in refusing to grant that relief. The first and the all-sufficient answer at present, is that there was no request made to the circuit judge to make an order of suspension and we cannot, in this proceeding, treat that as having been done. The principle is too well settled for discussion that the action of a trial court, especially in a matter in which it is clothed with discretion, will not be reviewed unless the matter was brought to the attention of that court and it refused to act or to grant appropriate relief sought.

It follows that the petition is without merit, and the same is dismissed and the prayer thereof is denied.