SOUTHERN FARM BUREAU CASUALTY INSURANCE CO.
*v.* REED.

5-2047                                332 S. W. 2d 615

Opinion delivered February 29, 1960.

[Rehearing denied March 28, 1960]

*Hardin, Barton, Hardin & Garner,* for appellant.

*John Wm. Murphy* and *Hubert L. Burch,* for appellee.

J. SEABORN HOLT, Associate Justice. On or about June 2, 1956, appellant, Southern Farm Bureau Casualty Insurance Company, issued to Dennis Reed its policy of automobile insurance on Reed's 1951 Chevrolet automobile. The term of the policy was from June 2, 1956 to December 2, 1956, and for additional six calendar month periods thereafter as agreed to. This policy, says appellant, "Insured a 1951 Chevrolet for everything except what is commonly known as collision coverage." July 2, 1956, what is called a serviceman's endorsement was attached to the policy and this endorsement was accepted by Reed on July 23, 1956, and contained the following provision: ":As a part of the consideration for the issuance or continuance of this policy, in addition to the premium charged, it is hereby understood and agreed that the policy to which this endorsement is attached shall not be in force and effect while any motor vehicle which would be covered by this policy is being operated by any driver other than the named insured or member of his family.

This endorsement shall not in any way penalize or affect the interest of a lienholder under any mortgage or lien on the motor vehicle described in the policy providing the company has prior notice of such interest.

All provisions of said policy in conflict with this endorsement are hereby modified to conform to this endorsement. All other provisions shall remain the same. ACCEPTED /s/ Dennis F. Reed"

About March 22, 1957, Reed traded his 1951 automobile for a 1957 model Chevrolet, and on being informed that he had traded automobiles and wanted collision and comprehensive coverage, appellant sent him another endorsement which was made a part of the policy, was accepted by Reed and for which he paid $2.85 in addition to his original premium. The record reflects that Reed, in order to finance the balance due on the 1957 Chevrolet, executed on March 22, 1957, his note for $600.00 to the Bank of Lincoln (Arkansas) and as security, executed a chattel mortgage to the Bank on the 1957 model automobile. The Bank was shown on the insurance policy as a lienholder. This note and mortgage were assigned to appellant on January 15, 1958. September 4, 1957, appellee, Reed, while a member of the U. S. Air Force and stationed at George Air Force Base in California, was seriously injured in an accident and the automobile was almost completely wrecked. Thereafter, Reed demanded payment for his automobile damages from appellant, insurance company, which was refused. Reed then filed the present suit alleging that the policy had been issued and delivered to him before his loss on September 4, 1957; that he had fully complied with all the terms of the policy and prayed for damages in the amount of $2,650.00, together with a reasonable attorney's fee. Appellant answered with a general denial and in a cross complaint, after setting out the assignment of the note and mortgage by the Bank of Lincoln to appellant, alleged that appellant succeeded to all the rights of said Bank and therefore was entitled to a judgment of $650.15.

On a trial before the court sitting as a jury, there was a judgment in favor of appellee on a finding by the court that the endorsement on the policy, which modified the original terms of the policy, was without consideration and void. The judgment further recites that: "The Court finds that the value of the vehicle immediately before the collision, as stipulated by the parties, was $2,075.00, and that the plaintiff received $250.00 as salvage from the sale of the vehicle after the collision. The Court finds that the defendant paid a mortgage of plaintiff on said vehicle to the Bank of Lincoln in the sum of $650.12 and that the defendant should receive credit for $650.12 paid to the Bank of Lincoln, $250.00 received for salvage of the vehicle, and $50.00 deductible under the provisions of said policy, and that plaintiff should recover from the defendant the sum of $1,124.85."

While the trial court may have erroneously based its finding and judgment on the ground that the endorsement was void, we hold that the judgment, nevertheless, should be affirmed for the reason that the facts would support a finding that appellee, Reed, was in fact driving his automobile at the time of the mishap or accident and therefore the endorsement could not affect his claim for damages. Our rule of long standing in this State is that we will not disturb a correct decision and judgment of a trial court though based on a wrong or insufficient ground. *Hays* v. *Pope County,* 7 Ark. 238,—"In revising the judgments of inferior tribunals, this court will not regard the particular reasons upon which the judgment below may have been based, but will inspect the entire face of the proceedings as presented by the transcript, and quash or affirm according to the circumstances of the case." *Reese* v. *Cannon,* 73 Ark. 604, 84 S. W. 793: "A judgment may be correct, though based on mistaken reasoning; and, if there be no error in the finding of facts, such a judgment may well stand. * * * The appellate court looks to the correctness of the judgment in review, and not to the reasons given for the judgment." *Carolus* v. *Arkansas Light & Power Company,* 164 Ark.

507, 262 S. W. 330: "This court will not reverse a correct ruling of the trial court, although an erroneous reason may be given for such ruling," and again in *State, Ex Rel. Attorney General,* v. *Gus Blass Company,* 193 Ark. 1159, 105 S. W. 2d 853, we said: "Moreover, where the decision of the trial court is correct, it will be sustained when supported by principles of law thought by the trial court not to obtain."

Reed testified that he was driving his car the last time he remembered anything about the evening on which the wreck occurred: "Q. At the last you remember, who was driving your vehicle? A. I was." As we read the record before us, appellant offered no competent evidence to rebut Reed's tetimony. Appellant offered the testimony of California State Trooper Sanders who did not see the accident and had not discussed it with anyone in the presence of Reed due to Reed's physical condition. Appellant further offered a police report made by Sanders, who, as indicated, did not see the accident. Appellant also offered the testimony of Lt. Osborne in which he stated: "1. From your own observation, could you state on oath who was driving the automobile at the time of the accident? A. No" There was also offered a report of certain Air Police at the Air Base who were not witnesses and, therefore, could not be cross examined. All of this testimony was hearsay and inadmissible. While the burden of proof was on appellee, Reed, to make out his case by preponderance of the testimony, he has done so by what amounts to undisputed testimony. Reed made a *prima facie* case against the insurance company (appellant) when he proved his insurance contract with appellant and the damages to his automobile. The burden then shifted to appellant to present proof in rebuttal which it has totally failed to do. *Life & Casualty Insurance Company of Tennessee* v. *Barefield,* 187 Ark. 676, 61 S. W. 2d 698: "The rule appears to be that, when proof is made of damage apparently within a policy of insurance, the burden is on the insurer to show that the injury or damage

was caused by an event from the occurrence of which the insured had exempted itself from liability.'' When, as here, the case is submitted to the trial judge, his finding of fact is as conclusive as the finding of a jury.

The trial court properly disallowed an attorney's fee under § 66-514 Ark. Stats., for the reason that appellee failed to recover the amount for which he sued. We held in *Service Fire Insurance Company* v. *Horn,* 202 Ark. 300, 150 S. W. 2d 53, ''Where the plaintiff, in an action on an insurance policy, demands more than he recovers, he is not entitled to recover penalty and attorney's fee.''

Finding no error, the judgment is affirmed.