ALFRED B. HETTEL *v.* BETHEL Lee RYE,
ADMINISTRATOR ET AL

5-5719                                    475 S.W. 2d 536

Opinion delivered January 31, 1972.

*Laws & Schulze,* for appellant.

*Williams & Gardner,* for appellees.

GEORGE ROSE SMITH, Justice. Following a traffic accident the appellant, Alfred B. Hettel, brought this action for personal injuries against Charles M. Rye. Upon Rye's death a few months later, the cause was revived against his administrator, one of the appellees. The other appellee, Northwestern National Insurance Company, is the plaintiff's own insurer, whom the plaintiff brought into the case for the assertion of a cause of action under the uninsured motorist clause in the policy. Although the original cause was revived against

Rye's administrator, the plaintiff failed to file a copy of the complaint or other pleading in the probate proceeding, as the Probate Code requires. Ark. Stat. Ann. § 62-2602 (Repl. 1971); *Wolfe* v. *Herndon,* 234 Ark. 543, 353 S. W. 2d 540 (1962). This appeal is from a circuit court order dismissing the complaint both as to the administrator and as to the insurance company.

We affirm the dismissal as to the administrator. On that branch of the case the only argument made for reversal is that the plaintiff should be excused from filing a copy of the complaint in the probate court, for the reason that the same attorneys were then representing both the plaintiff and Rye's administrator. That argument must be rejected, because it is raised for the first time on appeal. Had the contention been made in the court below it is manifestly possible that some explanation of the apparent conflict of interest would have been forthcoming.

We must, however, set aside the dismissal as to the insurance company. We are not persuaded by the company's argument that the dismissal as to the uninsured motorist's estate necessarily requires that the cause of action under the uninsured motorist clause also be dismissed.

The policy requires the company, within stated limits, "[t]o pay all sums which the insured. . . shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury. . . sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile." The policy goes on to define an uninsured automobile as including a hit-and-run automobile.

The uninsured motorist clause is intended not to afford coverage to the uninsured motorist but rather to provide protection to the policyholder against the perils of injury by such a motorist. *MFA Mutual Ins. Co.* v. *Bradshaw,* 245 Ark. 95, 431 S. W. 2d 252 (1968). It is generally held that the policy requirement that the insured "be legally entitled to recover" from the unin-

sured motorist is intended only to require a showing of fault on the part of the latter. Upon that reasoning, in cases directly in point here, it has been held that the policyholder may recover against the insurer even though the statute of limitations has run in favor of the uninsured motorist, *Booth* v. *Fireman's Fund Ins. Co.,* 253 La. 521, 218 So. 2d 580 (1969); *Sahloff* v. *Western Cas. & Surety Co.,* 45 Wis. 2d 60, 171 N. W. 2d 914 (1969), or even though the plaintiff has dismissed his suit against the uninsured motorist with prejudice. *Reese* v. *Preferred Risk Mut. Ins. Co.,* Mo., 457 S. W. 2d 205 (1970). Moreover, that same conclusion is indicated by the policy provision that the uninsured motorist may be a hit-and-run driver; for in that situation there might never be a judgment against the uninsured motorist. It is therefore our opinion that the dismissal as to Rye's estate does not call for a dismissal as to Northwestern National.

Affirmed in part, reversed in part.