Gerald SWART *v.* TOWN & COUNTRY
HOME CENTER, INC.

CA 80-499                                            619 S.W. 2d 680

Court of Appeals of Arkansas
Opinion delivered August 19, 1981
[Rehearing denied September 16, 1981.]

212

*Hartman Hotz*, for appellant.

*Charles E. Hanks*, for appellee/cross-appellant.

MELVIN MAYFIELD, Chief Judge. Town and Country Home Center, Inc. failed suit against Gerald Swart to recover $474.80, the balance alleged to be due on the purchase price of several appliances. Swart filed an answer and counterclaim alleging that one of the appliances, a kitchen range, was defective and that he was entitled to a credit on the amount due. Swart had been an employee of Town and Country and his counterclaim also alleged that Town and Country was indebted to him under the Fair Labor Standards Act for hours worked in excess of forty hours a week.

The case was tried by the court without a jury and the court held against Swart on his claim for overtime but gave him credit for $100.00 on the amount sought by Town and Country. Swart has appealed from the court's ruling as to his overtime claim and Town and Country has cross-appealed from the court's allowance of the $100.00 credit.

With regard to the credit, there was evidence by Swart that a claim for damages to the range was made against the truck line which delivered it and that $100.00 was paid on that claim. Swart was a repairman for Town and Country and he testified that his employer told him that if he would fix the stove they would give him the freight claim. The court allowed Swart credit for the $100.00 and we do not think this is contrary to the preponderance of the evidence.

As to the claim for overtime under the Fair Labor Standards Act, the point involved on this appeal concerns

the admissibility of the testimony and written report of a compliance officer of the Wage and Hour Division of the United States Department of Labor. This gentleman was called as a witness by Swart but the court sustained objections to his testimony and he never gave any evidence concerning an investigation he had made of Town and Country to check for compliance with the minimum wage and overtime standards of the federal law. Although there was some confusion surrounding the questions, objections, and rulings of the court, Swart is not in a position to pursue the matter in this appeal because there was no offer to show what the testimony of the witness would have been. Our Supreme Court has said, "We have said many times that the failure to proffer evidence so that we can see if prejudice results from its exclusion precludes review of the evidence on appeal." *Duncan* v. *State*, 263 Ark. 242, 565 S.W. 2d 1 (1978) and *Goodin* v. *Farmers Tractor & Equipment Co.*, 249 Ark. 30, 458 S.W. 2d 419 (1970). See also Rule 103(a)(2), Uniform Rules of Evidence.

After the objections were sustained to the witness' testimony, Swart then attempted to introduce into evidence the compliance officer's report. Again there was some confusion surrounding the offer, objections, and rulings concerning the report but it was not admitted. While the record does not disclose that the court was ever shown the report or advised of its contents, it appears in the transcript as a refused exhibit. The first page of the report is a letter addressed to Swart's attorney stating, "This is in response to your Freedom of Information Act request which was received in this office on May 27, 1980." In the narrative report enclosed with the letter under the heading "Complainant Information" appears the following: "The complaint received was anonymous alleging the firm did not pay time and one half for hours over 40 per week, which was substantiated." Attached to the narrative report is a page called "Wage Transcription and Computation Sheet" which apparently is a breakdown of hours claimed to have been worked by Swart and amounts claimed to be due to him although without

some explanation it is hardly understandable. And under the heading "Coverage" the following appears:

> The subject firm is engaged in the retail sale and repair of home appliances and televisions, etc.

> ADV for the firm is in excess of          All employees covered in all weeks under 3(s) coverage.

The deletion above is apparently made in keeping with an explanation in the letter to Swart's attorney which read, "A deletion was made in the narrative report pursuant to Exemption 4 of the Freedom of Information Act and Department of Labor Regulations 29 CFR 70.24. This exemption permits the withholding of confidential financial information."

In response to Swart's cross-complaint for overtime under the Fair Labor Standards Act, Town and Country filed a general denial. It was, therefore, Swart's burden to show by a preponderance of the evidence that he had a claim under the provisions of the Act. *Fayetteville Linen Supply* v. *Brewer*, 245 Ark. 103, 431 S.W. 2d 458 (1968); *Wirtz* v. *Lieb*, 366 F. 2d 412 (10th Cir. 1966); *Razey* v. *Unified School District #385*, 470 P. 2d 809 (Kans. 1970). The only evidence in the record in this respect is the offered report of the compliance officer. It apparently says that coverage of the Act exists because of 29 U.S.C.A. § 203(s). For Town and Country to come within that provision it would have to be an enterprise "which has employees engaged in commerce or in the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" and whose "annual gross volume of sales made or business done is not less than $250,000." There were no other facts set out in the report to show that section 203(s) applied and even the monetary figure was deleted.

The report is, of course, hearsay. *Southern Farm Bureau Casualty Ins. Co.* v. *Reed*, 231 Ark. 759, 332 S.W. 2d 615 (1960); *New Empire Ins. Co.* v. *Taylor*, 235 Ark.

758, 362 S.W. 2d 4 (1962). But it is argued that it comes within the hearsay exception of Rule 803 (8) of the Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1979). Under 803(8), "factual findings resulting from an investigation made pursuant to authority granted by law" are not excluded by the hearsay rule although under 803(8)(iv), "factual findings resulting from special investigation of a particular complaint, case or incident" are not within this exception to the hearsay rule. Since the report offered indicates the investigation resulted from an anonymous complaint, it would appear that subsection (iv) would apply. This provision of the Uniform Rules of Evidence adopted by Arkansas is not found in Rule 803(8) of the Federal Rules of Evidence and while we find no Arkansas appellate decision concerning subsection (iv) there is a decision about subsection (i) (investigative reports by police and other law enforcement personnel) which held that the written report of a deputy sheriff who investigated the death of an insured was excluded from the hearsay exception of Rule 803(8). *Wallin* v. *Ins. Co. of North America*, 268 Ark. 847, 596 S.W. 2d 716 (Ark. App. 1980). In our view the written report of the compliance officer was hearsay. It resulted from a "special investigation of a particular complaint" and was not excepted from the hearsay rule.

In addition, it is only the "factual findings" resulting from an investigation that come within the hearsay exception of Rule 803(8). Although one authority has suggested that under the Federal Rules of Evidence this does not mean "only facts as opposed to conclusions or opinions drawn from facts," the same authority also says "the extent to which Rule 803(8) sanctions the admission of investigative reports containing conclusions must also be determined on the basis of a case by case analysis." 4 J. Weinstein & M. Berger, *Weinstein's Evidence*, § 803(8) [03] at 803-204. As far as coverage of the Fair Labor Standards Act is concerned, there is absolutely no factual basis in the report to justify its conclusion that "all employees are covered in all weeks under 3(s) coverage" and in our opinion the trial court was correct in holding that the report was not admissible.

The judgment appealed from is affirmed.

COOPER, J., dissents.