The Honorable Lu Hardin State Senator 2505 West Second Court Russellville, Arkansas 72801
Dear Senator Hardin:
This [is] in response to your request for an opinion regarding an insurance carrier's obligation to pay for a rental car under uninsured motorist coverage.
Mandatory uninsured motorist coverage was originally implemented under Act 464 of 1965. This Act stated in pertinent part as follows:
 No automobile liability insurance, covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in not less than limits described in Section 27 of Act 347 of 1953 (75-1427), as amended, under provisions filed with and approved by the Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.
No provision was made for uninsured motorist property damage coverage until the 1985 amendment contained in Act 713 (codified as A.C.A. 23-89-403 (Supp. 1987)), which states in pertinent part under subsection (b):
 (b) Every insured purchasing uninsured motorist bodily injury coverage shall be provided an opportunity to include uninsured motorist property damage coverage, subject to provisions filed with and approved by the Insurance Commissioner . . . No insurer shall be required to offer limits of such property damage coverage greater in amount than the property damage liability limits purchased by the insured . . . As used in this action [section] `property damage' means damage to the insured vehicle.
Following enactment of Act 713 of 1985, the Insurance Commission issued Bulletin No. 4-86 requiring that uninsured motorist property damage coverage be offered to insureds having uninsured motorist coverage, "in limits not less than those described in Section 27 of Act 347 of 1953 (A.C.A. 27-19-605 (Supp. 1987))." The limit was $5,000 at that time but has been increased to $15,000 under Act 478 of 1981.
We have no Arkansas Supreme Court cases establishing the position which the Court would take on the question posed. Language appearing in cases decided under prior law may, however, offer guidance. The Court has stated that the basic purpose of the uninsured motorist legislation is to "enable Arkansas people purchasing automobile insurance to obtain for an additional premium the same protection against death or injuries at the hands of an uninsured motorist as they would have had if that motorist had obtained for himself the minimum insurance coverage required by the Safety Responsibility Act." Vaught v. State Farm Fire 
Casualty Company, 413 F.2d 539, 542-543 (8th Cir. 1969), citing Childers v. Southern Farm Bureau Casualty Insurance Co., 282 F.2d Supp. 866 (E.D.Ark. 1968). Reference was made in that case to providing insurance against inadequate compensation for injuries sustained in a collision with an uninsured motorist, "at least to the extent provided by the statute." 413 F.2d at 541. The required coverage at that time did not extend to property damage. However, as previously noted, property damage coverage must now be offered to insureds with uninsured motorist coverage in limits set forth in 27-19-605 (Supp. 1987).
If the purpose of uninsured motorist insurance is to indemnify the insured against the perils of injury by an uninsured motorist, (See Hettel v. Rye, 251 Ark. 868, 475 S.W.2d 536 (1972)), then it may be concluded that a court would read this coverage to include damages for reasonable loss of use. It seems clear that the insured would have been compensated for reasonable loss of use had the party at fault obtained the minimum required coverage. "Damages" as defined under A.C.A. 27-53-401 (Supp. 1987) in the context of "damages to motor vehicles" includes a "reasonable amount of damages for loss of use of such vehicle." The insured will therefore have a cause of action against the other motorist for a rental car as "loss of use" damages. However, these injuries may go uncompensated if the party at fault is uninsured. A court may conclude that this result is inconsistent with the purpose and policy of the Uninsured Motorist Act.
This conclusion may also be compelled, finally, by those cases wherein courts have noted that uninsured motorist statutes are to be liberally construed in accordance with the intent to extend protection to injured persons. See, e.g., Guthrie v. State Farm Mut. Auto. Ins. Co., 279 F. Supp. 836 (D.C. S.C. 1968). Courts have, as a result, been willing to stretch policy provisions in favor of the insured. Federated Mutual Implement and Hardware Ins. Co. v. Gupton, 357 F.2d 155 (4th Cir. 1966).
While it cannot be conclusively stated that an Arkansas court would agree since we have no cases directly on point, a persuasive argument may be made, based upon the foregoing, in favor of paying an insured for a rental car under his or her uninsured motorist coverage.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.