Dollie TUGGLE, Individually and as Heir of Urias S. Tuggle, Deceased, Appellant,

v.

SHELTER MUTUAL INSURANCE COMPANY, Appellee.

No. 91–3167.

United States Court of Appeals, Eighth Circuit.

Submitted March 9, 1992.

Decided April 14, 1992.

Jeff H. Watson, Springdale, Ark., argued, for appellant.

Jerry Lovelace, Springdale, Ark., argued (James M. Roy, Jr., on brief), for appellee.

Before FAGG and BEAM, Circuit Judges, and GAITAN,* District Judge.

FAGG, Circuit Judge.

This case requires us to decide whether, under Arkansas law, uninsured motorist coverage applies to an insured killed while driving his employer's uninsured vehicle, when liability is based solely on the worker's compensation statute rather than any vehicle-related negligence.

While driving his employer's truck in the course of employment, Dollie S. Tuggle's husband hit another vehicle and was killed. Mrs. Tuggle obtained a worker's compensation judgment against her husband's employer, but received no money because the employer had no worker's compensation insurance. Mrs. Tuggle then brought this diversity action against Shelter Mutual Insurance Company (Shelter), the insurer of the Tuggles' personal vehicle, seeking uninsured motorist benefits in the amount of the worker's compensation award. The district court granted summary judgment in Shelter's favor. Mrs. Tuggle appeals and we affirm.

The uninsured motorist provision in Shelter's policy states: "We will pay damages for bodily injury [that] an insured or the insured's legal representative is legally entitled to recover from the owner or operator of an uninsured motor vehicle. The bodily injury must be caused by accident and arise out of the ownership, maintenance or use of the uninsured motor vehicle." The policy defines "uninsured motor vehicle" as "a motor vehicle not insured by a bodily injury liability ... insurance policy applicable at the time of the accident." Because the employer's truck had no liability insurance and Mrs. Tuggle is "legally entitled to recover" worker's compensation benefits from the employer, Mrs. Tuggle asserts she is entitled to uninsured motorist benefits under the policy. We disagree.

When construing Shelter's policy, we consider the purpose underlying Arkansas's uninsured motorist statute, Ark.Code Ann. § 23-89-403 (Michie 1987). *See Alexander v. Pilot Fire & Casualty Ins. Co.,* 331 F.Supp. 561, 563 (E.D.Ark.1971). The Arkansas legislature enacted the statute to give an insured who purchases liability insurance with an uninsured motorist endorsement protection against injuries caused by an uninsured motorist's negligence. *See id.; Howard v. Grain Dealers Mut. Ins. Co.,* 342 F.Supp. 1125, 1129 (W.D.Ark.1972); *see also Hettel v. Rye,* 251 Ark. 868, 475 S.W.2d 536, 537-38 (1972). In her complaint, Mrs. Tuggle does not assert the driver of the other vehicle was negligent or uninsured. Mrs. Tuggle also fails to assert Mr. Tuggle's employer was negligent in any way or that she would be legally entitled to recover liability benefits from the employer if the employer had carried liability insurance. In short, Mrs. Tuggle is trying to substitute the Tuggles' personal uninsured motorist coverage for the employer's lack of worker's compensation insurance.

Although Mrs. Tuggle is "legally entitled to recover" damages for Mr. Tuggle's bodily injury from "the owner or operator of an uninsured motor vehicle," the employer is not liable for Mr. Tuggle's death because the employer owned a truck without liability coverage. Instead, the employer's liability arises under the state's worker's compensation laws because Mr. Tuggle was killed during the course of his employment. Mrs. Tuggle's attempt to

* The HONORABLE FERNANDO J. GAITAN, JR., United States District Judge for the Western District of Missouri, sitting by designation.

substitute the Tuggles' uninsured motorist coverage for worker's compensation coverage, however, disregards the Arkansas legislature's clear intent that uninsured motorist coverage protect only an insured injured by a negligent uninsured motorist. *See Davis v. Bean*, 804 F.2d 1018, 1020 (8th Cir.1986) (per curiam). Because Mrs. Tuggle does not assert a negligent uninsured motorist caused Mr. Tuggle's death, we agree with the district court that Mrs. Tuggle is not entitled to uninsured motorist benefits under Shelter's policy.

Having reviewed the question of state law de novo, *Salve Regina College v. Russell*, —— U.S. ——, 111 S.Ct. 1217, 1225, 113 L.Ed.2d 190 (1991), we affirm the district court.