# SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY *v.* Calvin PETTIE

CA 95-324                                    924 S.W.2d 828

Court of Appeals of Arkansas
Division III
Opinion delivered June 12, 1996
Substituted Opinion delivered June 26, 1996

*Daggett, Van Dover & Donovan, PLLC*, by: *J. Shane Baker*, for appellant.

*Easley, Hicky & Cline*, by: *Michael Easley*, for appellee.

MELVIN MAYFIELD, Judge. This opinion is substituted for one issued on June 12, 1996, which has been withdrawn. The case is an appeal from a judgment against the appellant holding it liable under the underinsured motorist coverage (UIM) provisions of an insurance policy issued by it. The case was ultimately submitted to the court, without a jury; therefore, any factual determinations are subject to review under the clearly erroneous standard of Rule 52(a) of the Arkansas Rules of Civil Procedure.

In December 1989, appellee, a truck driver, was injured while riding as a passenger in his employer's truck when it ran off the road and overturned in a ravine. At the time of the accident, the truck was being driven by appellee's co-employee, Ronnie McClellan, and appellee was sleeping in the passenger seat. Appellee's injuries occurred during and within the course and scope of his employment. All of appellee's medical expenses were paid by his employer's workers' compensation carrier; however, it was stipulated that appellee was not fully compensated for his injuries by his workers' compensation benefits and that his remaining damages were in excess of $25,000.00.

At the time of the accident, appellee was insured under a policy appellant had issued to appellee's wife that contained a provision for $25,000.00 in UIM coverage. This provision provided:

> In consideration of the premium charged, we will pay damages for bodily injury which a covered person is legally entitled to recover from the owner or operator of an underinsured auto . . . .
>
> . . . .
>
> The Underinsured Motorist coverage does not apply to:
>
> . . . .
>
> 4. any person while occupying or being struck by an

auto, owned by or furnished for the regular use of a covered person, that is not an insured auto under this endorsement. . . .

Appellee made claim for the $25,000.00 UIM coverage, alleging that the workers' compensation benefits he received from his employer did not compensate him for his pain, suffering, and loss of wages.

Appellant denied appellee's claim, and in September 1993, appellee filed suit. Appellant answered, denying that appellee was entitled to UIM benefits and contending that appellee's workers' compensation was appellee's exclusive remedy. Appellant also claimed that the truck appellee was occupying in the accident was not an "underinsured auto" as defined by the policy.

Subsequently, appellant made a motion for summary judgment, alleging that, under the policy provisions, appellee was not "legally entitled to recover" from either the owner of the vehicle or the operator of the vehicle and that coverage was expressly excluded under the "regular use" exclusion of the UIM endorsement. Appellee denied the motion should be granted and alleged that the "regular use" exclusion was ambiguous and presented a question of fact. The motion was denied and the parties filed a joint motion requesting the court to take the case under consideration and render a final decision based upon the stipulations, briefs, and other evidence before it.

Judgment was subsequently entered by the trial court for the appellee in the amount of $25,000, plus twelve percent penalty and attorney's fee. The trial court: (1) rejected appellant's argument that appellee was not legally entitled to recover against the owner and operator of the vehicle, and rejected appellant's conclusion that appellee had no UIM claim under the policy; (2) rejected appellant's argument that appellee's claim was barred by the statute of limitations; (3) found the exclusion in appellant's policy relating to an "auto owned by or furnished for the regular use of" a covered person was ambiguous and did not preclude coverage under the fact situation; and (4) found that appellee's workers' compensation benefits were sufficient to trigger his rights to recovery under the UIM provision of the policy issued by appellant.

## I.

Appellant first argues that the trial court erred as a matter of law in awarding appellee UIM benefits because the exclusive remedy doctrine of workers' compensation law prevents appellee from being "legally entitled to recover" from the owner of the vehicle, and the joint-enterprise doctrine prevents appellee from being "legally entitled to recover" from the operator.

Appellant contends that Ark. Code Ann. § 23-89-209 (Supp. 1995), the Underinsured Motorist Statute, creates a condition precedent that requires the insured to prove that he is "legally entitled to recover" from the owner or operator of another vehicle before UIM benefits can be collected. Moreover, the policy language in the case at bar also uses the phrase "legally entitled to recover." Therefore, the appellant contends that both the statute and the policy require the injured party to prove that the operator or owner of the underinsured vehicle was negligent and underinsured, and also that he has a legally enforceable claim against the owner or operator.

But the appellant's reference to the requirement that UIM coverage only applies when the injured party proves that the operator or owner of the underinsured vehicle was negligent and the injured party is "legally entitled to recover" does not mean that the appellant is contesting in this case the issue of negligence on the part of the driver of the vehicle in which the appellee was riding at the time the appellee was injured. Nowhere in the briefs filed by the appellant is there any suggestion that the driver of the vehicle, which ran off the road while the appellee was sleeping, was not negligent or that his negligence was not the proximate cause of the appellee's injuries.

What the appellant does contend in the instant case, is that Ark. Code Ann. § 11-9-105(a) (Repl. 1996), of the workers' compensation law, bars appellee from being "legally entitled to recover" against the owner of the vehicle because that owner is the appellee's employer, and this section provides that "[t]he rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee . . . ." Also, as to the driver of the vehicle, the appellant contends that workers' compensation is exclusive because *Rea* v. *Fletcher*, 39 Ark. App. 9, 832 S.W.2d 513 (1992),

holds that supervisory as well as non-supervisory employees are immune from suit for negligence in failing to provide a safe place to work. And in addition, according to the appellant, the appellee is barred from recovering from the operator of the vehicle under the "joint-enterprise doctrine."

Therefore, it is the appellant's position that the appellee cannot show he has a "legally enforceable claim" and cannot be considered "legally entitled to recover." Although the appellant relies upon cases from other jurisdictions, we think the Arkansas Supreme Court has decided cases which control the instant case.

■ In *Hettel* v. *Rye*, 251 Ark. 868, 475 S.W.2d 536 (1972), our supreme court held that the policy requirement that an insured must be legally entitled to recover from an uninsured motorist is intended only to require a showing of fault on the part of the uninsured motorist. The court stated:

> The uninsured motorist clause is intended not to afford coverage to the uninsured motorist but rather to provide protection to the policyholder against the perils of injury by such a motorist. It is generally held that the policy requirement that the insured "be legally entitled to recover" from the uninsured motorist is intended only to require a showing of fault on the part of the latter. Upon that reasoning, in cases directly in point here, it has been held that the policyholder may recover against the insurer even though the statute of limitations has run in favor of the uninsured motorist, or even though the plaintiff has dismissed his suit against the uninsured motorist with prejudice.

251 Ark. 869-70, 475 S.W.2d 537-538 (citations omitted).

■ In *Travelers Insurance Company* v. *National Farmers Union Property and Casualty Co.*, 252 Ark. 624, 480 S.W.2d 585 (1972), our supreme court held that a provision of uninsured motorist coverage was invalid which provided that any amount payable under that coverage because of bodily injury would be reduced by the amount paid, and the present value of all amounts payable, on account of such injury under any workmen's compensation law. The court recognized that there was a division of authority on the question of the validity of such provisions, 252 Ark. 629-30, 480 S.W.2d 590, but the court concluded:

The uninsured motorist legislation was passed long after adoption of the Workmen's Compensation Act. When we consider the basic purposes of the latter act, our belief that the legislature did not intend that the Uninsured Motorist Act be the means of discrimination against working people protected under the workmen's compensation laws is strengthened. . . . The right claimed by the [company issuing the policy providing for uninsured motorist coverage] would simply provide it with a windfall in the case of one covered by the workmen's compensation laws. The purpose of the Uninsured Motorist Act was to protect the insured, not the insurer.

252 Ark. 631-32, 480 S.W.2d 591.

In *Gullet* v. *Brown*, 307 Ark. 385, 820 S.W.2d 487 (1991), it was held that workers' compensation benefits were the exclusive remedy of an employee injured in the course of his employment by an uninsured motorist where the uninsured motorist coverage was provided by the *employer's* self-insurance program. But, the court distinguished *Travelers, supra,* because in that case the uninsured motorist coverage was provided by the *employee's* own insurance. Likewise, in the instant case the UIM was carried by the employee.

In *Shepherd* v. *State Auto Property and Casualty Insurance Co.,* 312 Ark. 502, 850 S.W.2d 324 (1993), the supreme court relied on its holding in *Travelers, supra,* in a case involving UIM coverage. In that case, four women were passengers in an automobile when it was struck by the tortfeasor's vehicle. All four women were in the course of their employment at the time of the accident, and three of the women were killed in the accident. The tortfeasor carried $50,000.00 limits for liability coverage, and the vehicle in which the women were riding had UIM coverage of $300,000.00. The personal representatives of the deceased women's estates, and the survivor and her husband filed suit against the tortfeasor and against the appellee for the UIM benefits. Subsequently, a judgment was entered in favor of the appellants against the appellee in the amount of $250,000.00, which included an offset in the amount of the tortfeasor's $50,000.00 policy limits, and also found that the workers' compensation carrier was entitled to a two-thirds workers' compensation lien on the $50,000.00. Thereafter, the appellants filed their notice of appeal, which included their contention that the trial court erred as a matter of law by finding that the appellee

was not liable for a twelve percent penalty on the principal sum of $300,000.00. In addressing this point on appeal, the supreme court stated:

> Secondly, while there may be no Arkansas authority precisely on point with regard to underinsured policies and workers' compensation benefits, we have held that the amount of recovery under the *uninsured* motorist provisions of a liability policy could not be reduced by the amount the injured party received under workers' compensation coverage where the setoff provision reduced the limit of liability under the uninsured motorist coverage. Moreover, in *O'Bar v. MFA Mutual Ins. Co.*, 275 Ark. 247, 628 S.W.2d 561 (1982), we held that accidental death benefits should not be reduced because an insured's beneficiaries also received workers' compensation payment for the insured's death and that a clause in a policy denying benefits on such a basis is a violation of public policy.

> Underinsured motorist coverage was enacted in this state in 1987 to supplement benefits recovered from a tortfeasor's liability carrier. Ark. Code Ann. § 23-89-209 (1987). We have stated its purpose to be "to provide compensation to the extent of the injury, subject to the policy limit." *Clampit v. State*, 309 Ark. 107, 110, 828 S.W.2d 593, 595 (1992).

> Even though a precise case applicable to underinsured policies had not been decided at the time State Auto refused to pay underinsured benefits, we believe that the public policy of the state could be sufficiently extrapolated from analogous cases and from the underinsured motorist statute itself. Even with the knowledge of the State's clear public policy, State Auto refused to pay though a demand for payment was made on July 31, 1989. In light of these facts, State Auto's good-faith argument must fail.

312 Ark. 513-14, 850 S.W.2d 329.

We think Arkansas case law interpreting our uninsured and UIM statutes has expressed a public policy that requires coverage in the instant case. UIM coverage applies when the tortfeasor has at least the minimum amount of insurance required by law but not enough to fully compensate the victim, and it is designed to provide

compensation to the extent of the injury, subject to the policy limits. *See State Farm Mutual Automobile Insurance Co. v. Beavers*, 321 Ark. 292, 296, 901 S.W.2d 13, 15-16 (1995). The amount of the tortfeasor's coverage has no effect on the appellee's recovery under UIM coverage except that the appellee cannot be reimbursed twice for the same damages. *See American Casualty Co. v. Mason*, 312 Ark. 166, 169, 848 S.W.2d 392, 395 (1993), stating that "the changes made to § 23-89-209(a) by Act 209 of 1991, the title of Act 209, and the emergency clause of Act 209, clearly indicate the legislature intended underinsured motorist benefits under Act 335 of 1987 to be provided without regard to the amount of insurance carried by any liable party." 312 Ark. 170, 848 S.W.2d 395.

■ Therefore, in regard to appellee's UIM insurance coverage, we do not believe that the exclusive remedy provisions of the workers' compensation law bars the appellee from being "legally entitled to recover" against the owner or operator of the vehicle in which the appellee was riding at the time he received the injuries for which he was granted judgment in this case.

Although it may not be clear that the trial court found that the driver of the vehicle in which appellee was riding was negligent and that this was the proximate cause of appellee's injuries, the trial court did specifically reject the appellant's contention that the appellee was not legally entitled to recover against the owner and operator of the vehicle and also specifically rejected appellant's contention that the appellee had no claim under the underinsured motorist coverage of the policy issued by appellant to the appellee.

■ This case was submitted to the trial court, without a jury. In *Southern Farm Bureau Casualty Insurance Co. v. Reed*, 231 Ark. 759, 332 S.W.2d 615 (1960), the trial court, sitting without a jury, entered judgment for the appellee based on a finding that an endorsement to a policy of insurance on an automobile modified the original terms of the policy and was void because the endorsement was without consideration. The Arkansas Supreme Court affirmed the judgment and said:

> While the trial court may have erroneously based its finding and judgment on the ground that the endorsement was void, we hold that the judgment, nevertheless, should be affirmed for the reason that the facts would support a finding that appellee, Reed, was in fact driving his automobile at the

time of the mishap or accident and therefore the endorsement could not affect his claim for damages. Our rule of long standing in this State is that we will not disturb a correct decision and judgment of a trial court though based on a wrong or insufficient ground.

231 Ark. at 762, 332 S.W.2d at 617 (citations omitted).

Other cases have consistently applied this rule. *See Summers Chevrolet, Inc.* v. *Yell County*, 310 Ark. 1, 4, 832 S.W.2d 486, 488 (1992) ("We will affirm the trial court if it reached the right result, even though it may have announced the wrong reason."). Many other cases have made the same holding. *See also Estate of Gaston* v. *Ford Motor Co.*, 320 Ark. 699, 898 S.W.2d 471 (1995); *Hubbard* v. *Shores Group, Inc.*, 313 Ark. 498, 855 S.W.2d 924 (1993); *Tittle* v. *City of Conway*, 268 Ark. 1126, 599 S.W.2d 412 (Ark. App. 1980).

Appellant's contention that the "joint-enterprise doctrine" prevents the appellee from being "legally entitled to recover" against the driver of the vehicle must also be rejected in light of the law as to that doctrine and the evidence in the record that supports the trial court's judgment against the appellant.

█ In *Woodard* v. *Holliday*, 235 Ark. 744, 361 S.W.2d 744 (1962), the court quoted with approval the following statement from *Prosser on Torts* (2d Ed.) § 65:

"The prevailing view is that a joint enterprise requires something beyond the mere association of the parties for a common end, to show a mutual 'right of control' over the operation of the vehicle — or in other words, an equal right in the passenger to be heard as to the manner in which it is driven. It is not the fact that he does or does not give directions which is important in itself, but rather the understanding between the parties that he has the right to have his wishes respected, to the same extent as the driver. In the absence of circumstances indicating such an understanding, it has been held that . . . fellow servants in the course of their employment, although they may have a common purpose in the ride, are not engaged in a joint enterprise."

235 Ark. at 748, 361 S.W.2d at 746-47.

The court in *Woodard* v. *Holliday* held that the trial court erred in submitting the question of joint enterprise to the jury because

there was not sufficient evidence to support a finding that the appellant Woodard, who was riding as a passenger in the car which hit the appellee's vehicle, had equal right to control the vehicle Woodard was in, even though he and the driver were co-employees. The court cited several cases from other jurisdictions which had made the same holding. In *Prosser And Keeton On The Law of Torts*, § 72, at 519 (Fifth Ed.), the same view is still taken ("fellow servants in the course of their employment, although they may have a common purpose in the ride, are not engaged in a joint enterprise"). The closest the evidence comes to supporting the right to control issue here is appellee's answer of "Yes" to the question of whether he and the driver had an "equal voice in what you were doing and what you wanted to do on the trip." Even if this was sufficient to make a fact question on the issue of joint enterprise, we think the evidence would clearly support a finding that there was no joint enterprise between the appellee and the co-employee who was driving the vehicle they were in at the time the appellee was injured. And, as discussed above, we will affirm the court's judgment if supported by the law and the evidence.

Therefore, we do not believe that the joint-enterprise doctrine keeps the appellee in this case from being "legally entitled to recover" against the driver of the vehicle in which the appellee was injured insofar as that provision is used in appellee's UIM insurance coverage.

II.

Appellant's second point contends that the trial court erred in awarding appellee UIM coverage because, at the time he filed his complaint, the applicable statute of limitations barred him from recovering from the owner or operator of the underinsured vehicle. Appellant concludes that, because appellee's tort claim against the owner or operator would be barred by the applicable three-year statute of limitations, it was error to grant him a judgment in this case.

But, in the context of the uninsured motorist coverage, the supreme court held in *Hettel v. Rye, supra*, that a policyholder may recover against the insurer even though the statute of limitations has run in favor of the uninsured motorist or even though the plaintiff has dismissed his suit against the uninsured motorist with prejudice. 251 Ark. at 870, 475 S.W.2d at 538.

## III.

Appellant's final point is that the trial court erred in holding that the UIM endorsement relating to an "auto owned or furnished for the regular use of a covered person" was ambiguous and therefore did not preclude UIM coverage. The endorsement in question provides: "The underinsured motorist coverage does not apply to: . . . any person while occupying or being struck by an auto, owned by or furnished for the regular use of a covered person, that is not an insured auto under this endorsement." Appellant claims that the facts established in appellee's deposition (which was made a part of the evidence presented to the trial court) clearly show that the truck he was occupying when the accident occurred was furnished for "his regular use." Appellant concedes in his brief that in *Travelers Indemnity Co. v. Hyde*, 232 Ark. 1020, 342 S.W.2d 295 (1961), and *General Agents Insurance Co. of America v. People's Bank & Trust Co.*, 42 Ark. App. 95, 854 S.W.2d 368 (1993), the court found similar provisions to be ambiguous. Nevertheless, he argues that, under the facts of the instant case, the exclusion was not ambiguous. We do not agree.

In *Travelers Indemnity Co. v. Hyde, supra*, the supreme court held that a provision which stated "while occupying an automobile . . . furnished for the regular use of either the named insured or any relative, other than an automobile defined herein as an 'owned automobile' " was ambiguous. 232 Ark. at 1022, 342 S.W.2d at 297. Whether an insured's particular use of an automobile furnished by another is a regular use within the meaning of the policy presents a question of fact which calls for an interpretation of the language of the policy relating to the facts involved. 232 Ark. at 1024, 342 S.W.2d at 298. Provisions of a policy of insurance must be construed most strongly against the insurance company that prepared it, and if a reasonable construction could be placed on the contract that would justify recovery, it would be the duty of the court to so construe. *Travelers v. Hyde, supra. See also Baskette v. Union Life Ins. Co.*, 9 Ark. App. 34, 36, 652 S.W.2d 635 (1983). Here, the term "regular use" is not defined by the policy. The provision in the insurance policy in question was clearly ambiguous; therefore, its meaning presented a question of fact. Under the evidence presented in this appeal, we do not think appellant has demonstrated that the circuit court clearly erred in finding that the vehicle in which the appellee was riding was furnished for his

"regular use" as that phrase was used in the policy here involved.

Affirmed.

COOPER and ROBBINS, JJ., agree.