MIDWEST TIMBER PRODUCTS CO., INC. *v.* SELF.

5-1898                                  327 S. W. 2d 730

Opinion Delivered September 21, 1959.

[Rehearing denied October 26, 1959]

*Parker & Mobley,* for appellant.

*Donald Poe,* for appellee.

J. Seaborn Holt, Associate Justice. This case involves a suit to set aside a default judgment. The record shows that on November 5, 1958, at a regular term of the Scott County Circuit Court at Waldron, Arkansas, Circuit Judge Paul Wolfe, after hearing evidence, granted and entered a default judgment against appellant, Midwest Timber Products Company, Inc., for $3,000.00 as damages for the alleged taking and misappropriation of certain timber belonging to appellee, A. A. Self. At this hearing, appellant was not present either in person or by counsel. From this judgment appellant has appealed and for reversal alleges that the trial court erred in refusing to set aside this judgment on the ground that appellant had no notice that the case had been set for November 5, 1958, and would be tried on that date. Further, that it had a valid defense, that "for unavoidable casualty or misfortune, defendant was prevented from appearing and defending the action," and that appellant's present attorneys, Parker and Mobley, after their employment by appellant, had "used due diligence in the prosecution of appellant's cause."

A brief history of the proceedings reflects that the complaint was filed on October 9, 1957, for appellee by his attorney, Mr. Poe, and an answer was filed by Bob Bailey, Sr., for appellant on October 28, 1957, and default judgment was rendered on November 5, 1958, more than a year later. On October 22, 1957, the clerk of the Scott County Circuit Court sent the following letter to Bob Bailey, Sr.: "Re: A. A. Self vs. Midwest Timber Pro Co 2763. The court has requested me to advise you that all cases on the Civil Docket of the Scott County Circuit Court will be called at 9:00 A.M. Tuesday Nov. 5, 1957, for the sole purpose of disposing of any non-jury issues requiring disposition. All civil cases at issue will be pre-tried during the week of Tuesday, Nov. 12th and

will be set for trial during the week beginning Nov. 25th. Respectfully /s/ Norman Goodner Clerk."

October 26, 1957, Bailey, Sr., sent a letter to the Circuit Clerk at Waldron stating that due to a conflicting engagement in Federal Court at Little Rock, he could not try the "*A. A. Self* v. *Midwest Timber Products Company, Inc.,*" case the week of November 25, 1957. Copies of this letter were sent to Judge Paul Wolfe and Mr. Poe, appellee's attorney. On December 23, 1957 Mr. Bob Bailey, Sr., died, and there is evidence that Bob Bailey, Jr., took his father's place of representing appellant. Thereupon Mr. Poe sent a letter dated August 16, 1958 to Bailey, Jr., stating that he wanted to try the case as soon as possible at the court's convenience. On this same date, Poe wrote Judge Wolfe requesting him to set a trial date of the case and a copy of this letter was sent to Bailey, Jr.

There was another letter from Poe to Judge Wolfe on September 6, 1958, requesting the trial as soon as possible. A copy of this letter was also sent to Bailey, Jr. September 8, 1958, Judge Wolfe sent a letter to Bailey asking him when he would like to try the case. October 15, 1958, there was a letter from Judge Wolfe to Poe stating that the trial date would be November 5, 1958, and that he was sending a copy of the letter to Bailey, Jr., with the request that Bailey forward it to new counsel. October 16, 1958, Poe wrote Judge Wolfe stating that Bailey had advised him the new counsel would be Richard Mobley. On October 22, 1958, Richard Mobley (who is not the same as the Mr. Mobley in the firm of Parker and Mobley, present attorneys for appellant) wrote the following letter to Mr. Poe with copies to Judge Wolfe, Bob Bailey, Jr., and appellant, Midwest Timber Products Company, Inc.: "Re: *A. A. Self* v. *Midwest Timber Products Co.* (2763) Gentlemen: The defendant in the above styled case has obtained other counsel. Accordingly, I will not be in court for trial November 5th as directed. By copy of this letter I am advising Midwest and the Court. Yours truly /s/ Richard Mobley RM/rt en c.c. Judge Paul Wolfe, Fort Smith, Arkansas c.c. Mr. Bob Bailey, Jr., Russell-

ville, Arkansas c.c. Midwest Timber Products Co., Olla, Arkansas.''

Thereafter, it appears that the attorneys who succeeded Richard Mobley were appellant's present attorneys, Parker and Mobley, and they say that they were not employed by appellant until November 3, 1958, before the default judgment of November 5, 1958.

It is undisputed that the default judgment here was taken at a regular term (November term) of the Scott County Circuit Court (Sec. 22-310 Ark. Stats. Anno.) and that appellant's motion to vacate and set said judgment aside was filed on November 14, 1958, well within the regular term at which said judgment was rendered. In these circumstances we have consistently held that the action of the trial court here, refusing to set said judgment aside was addressed to its sound discretion. We said in 192 Ark. 603, *McDonald* v. *The Olla State Bank,* ''The law is that motions to vacate judgments or decrees filed within the term at which such judgments or decrees are entered are addressed to the sound discretion of the trial courts, and need not conform to statutes relating to vacating of judgments and decrees after the expiration of the term of court at which they were rendered. *Ashley* v. *May,* 5 Ark. 408; *Campbell* v. *Garven,* 5 Ark. 485; *Wells Fargo & Company* v. *W. B. Baker Lbr. Co.,* 107 Ark. 415, 155 S. W. 122.'' After a careful review of all the evidence, we have concluded that no abuse of this discretion on the part of the trial court has been shown.

It was the duty of appellant's various attorneys to keep appellant advised as to the progress of this litigation and any failure or neglect on their part, to keep their client (appellant) abreast of all proceedings, must be imputed to appellant, and that it had knowledge of the acts of its attorneys. In 197 Ark. 373, 122 S. W. 2d 589, *White* v. *Milburn,* we said: ''* * * We have followed that line of authorities which hold that the neglect of counsel or attorney must be imputed to his client.'', and what we said in 104 Ark. 45, 148 S. W. 262, *Blackstad Mercantile Company* v. *Bond,* applies with

equal force here: "They employed the attorney to attend to this particular case, and are bound by any negligent act of his in failing to appear and make defense. There is no testimony indicating fraud in procuring the judgment, nor that there was any design on the part of the appellant, or its attorneys, to practice deception either upon the court or upon appellees in taking judgment. The judgment was entered on the eighth day of the term, which gave appellees abundant time to prepare their defense. Negligence on the part of one's own attorney is not sufficient to justify setting aside a judgment."

We find no merit to appellant's claim of unavoidable casualty or misfortune as would prevent its appearance and defense, if any, on November 5, 1958, when judgment was entered. In *Parker* v. *Sims*, 185 Ark. 1111, 51 S. W. 2d 517, we said: "It is the duty of a litigant to keep himself informed of the progress of his case, and a party seeking relief against a judgment on the ground of unavoidable casualty or misfortune preventing him from defending must show that he himself is not guilty of negligence, and he cannot have relief if the taking of the judgment appears to have been due to his own carelessness."

Appellant's attorneys, Parker and Mobley, came into this case by their own admissions at least two days before the judgment in question was rendered and at a time when appellant knew, or should have known, what its previous attorneys knew who had represented it up to the moment it employed its present attorneys, Parker and Mobley, and that was that the case had been set for November 5, 1958. Had appellant given its new attorneys this information or if they already knew it, they should have been present at the trial on November 5, 1958. Appellant, therefore, cannot have relief when the taking of the judgment appears to have been due to its own negligence or that of its attorneys.

Other alleged errors have been given careful consideration and found to be without merit.

Affirmed.