Willie DAVIS *v.* UNIVERSITY OF ARKANSAS
MEDICAL CENTER AND COLLECTION
SERVICE, INC.

77-68                                    559 S.W. 2d 159

Opinion delivered December 19, 1977
(In Banc)

*William L. Massey*, Legal Aid Bureau of Central Arkansas, for appellant.

*J. Gayle Windsor, Jr.*, for appellees.

FRANK HOLT, Justice. Appellees, University of Arkansas Medical Center (UAMC) and Collection Service, Inc., (CSI) brought suit against appellant alleging that he owed $405.80 to appellee UAMC on a hospital debt. Appellant answered alleging, *inter alia,* the affirmative defense that CSI was engaged in the unauthorized practice of law and asked dismissal of the action. Appellant initiated discovery on the subject ot the unauthorized practice of law. Following appellees' responses, appellant considered that CSI's response was incomplete and filed a motion to compel CSI to further respond. At the hearing on the motion appellee CSI stated that it had provided all

the information available and to buttress that position made three witnesses available to appellant for questioning. He examined them for the purpose of determining if further discovery was necessary and, also, in preparation for a trial on the merits at a later date. However, at the conclusion of the hearing, the court awarded judgment to the appellees for the amount they sought. A motion to set aside the judgment was denied.

Appellant contends that he was denied due process of law when the court prematurely awarded a judgment to the appellees at the hearing on his motion to compel and, also, the court exceeded its statutory authority by treating the hearing as a trial on the merits. We agree. The court is specifically authorized to conduct a hearing, as here, on discovery matters. Ark. Stat. Ann. § 28-360 (Repl. 1962). The purpose of such a hearing is to prevent unreasonable delay in discovery so that discovery can be expeditiously completed and the matter can proceed to a trial on the merits.

In *Widmer* v. *Ft. Smith Veh. & Mchy. Corp.*, 244 Ark. 626, 427 S.W. 2d 186 (1968), we said:

> The purpose of discovery procedure is to simplify the issues at the actual trial and is not intended to take the place of the actual trial, nor is it intended to relieve the plaintiff of the burden of proving the allegations of his complaint in a civil case.

Due process requirements are discussed by the Supreme Court of the United States in *Goss* v. *Lopez*, 419 U.S. 565, 95 S. Ct. 729, 42 L. Ed. 2d 725 (1975):

> There are certain bench marks to guide us, however. *Mullane* v. *Central Hanover Trust Co.*, 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950), a case often invoked by later opinions, said that '[m]any controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.'

See also *Renfro* v. *City of Conway,* 260 Ark. 852, 545 S.W. 2d 69 (1977); and *Davis* v. *Schimmel, Trustee,* 252 Ark. 1201, 482 S.W. 2d 785 (1972). Additionally, Ark. Stat. Ann. § 22-311 (Repl. 1962) provides:

> . . . . If the time has not been fixed by the court, or unless in such cases they are required by law to take notice, all interested parties, together with their attorneys, shall receive notice from the clerk of the court of any proceeding affecting their rights, and shall be given time to prepare to meet such proceedings, where the defendant or respondent has answered or otherwise plead [pled].

Here the undisputed understanding was that the scope of the hearing was to be limited to appellant's discovery motion. Appellant's attorney accordingly questioned appellees' three witnesses in an effort to discover information from them in order to initiate further discovery if necessary in preparation for a trial on the merits at a later date. Appellant himself was not present and had subpoenaed no witnesses. It is uncontradicted that the case was not set for trial on the merits before either the court or a jury. Consequently, the ruling on the merits at this stage in the proceedings, without notice, was contrary to § 22-311 and denied appellant his federal constitutional right to due process of law. Therefore, it was unnecessary for appellant to show a meritorious defense as a prerequisite for setting aside the judgment. See *Davis* v. *Schimmel, Trustee, supra.*

Neither can we agree with appellees' argument that the alleged affirmative defense of the unauthorized practice of law constitutes a counterclaim against the state in violation of Art. 5, § 10, Ark. Const. (1874) which clothes the state with immunity from being a defendant in her own courts. Further, a defendant in a state action, as here, has a right to raise a legitimate defense in the nature of diminution, reduction, or even satisfaction of the plaintiff's cause of action where the amount claimed springs out of the very contract or transaction on which recovery is sought. *Ark. Dept. of Correction* v. *Doyle,* 254 Ark. 102, 491 S.W. 2d 602 (1973). However, the narrow issue presented here is whether CSI is engaged in the authorized practice of law and, therefore, is prohibited from representing CSI. Even so, it would not extinguish or in-

validate a just debt which appellant admittedly owes. *Gaylor v. Gaylor,* 224 Ark. 644, 275 S.W. 2d 644 (1955). Appellant, as a litigant, has standing to question CSI's authority to practice law. *McKenzie v. Burris,* 255 Ark. 330, 500 S.W. 2d 357 (1973).

Reversed and remanded for a hearing on the merits in which appellant has the right to offer proof on the issue of CSI's unauthorized practice of law.

BYRD, J., not participating.