## IDEAL MUTUAL INSURANCE CO. *v.*
### David McMILLIAN and Dana McMILLIAN, His Wife

82-5                                       631 S.W. 2d 274

Supreme Court of Arkansas
Opinion delivered April 5, 1982
[Rehearing denied May 10, 1982.]

*Hubbard, Patton, Peek, Haltom & Roberts,* by: *William G. Bullock,* for appellant.

*House, Holmes & Jewell, P.A.,* by: *Robert L. Robinson, Jr.* and *Terry C. Paulsen,* for appellees.

RICHARD B. ADKISSON, Chief Justice. An airplane, insured by appellant, Ideal Mutual Insurance Company, crashed near Dierks, Arkansas, in 1978. The pilot was killed, and the appellee, McMillian, was injured. After the pilot's estate was closed, appellee filed a negligence suit against the estate pursuant to Ark. Stat. Ann. § 62-2601 (f) (Repl. 1971). Sheriff David Goodwin was appointed special administrator to receive service of process.

The sheriff, as special administrator, attempted to give notice of the suit to appellant by mailing a letter to the attorney for the owner of the plane and to appellant's local issuing agent. The attorney received the letter addressed to him. However, the letter to appellant's issuing agent was incorrectly addressed to the post office box of appellant's adjustment bureau and its receipt was denied by both the issuing agent and the adjustment bureau.

The trial court found the notice given by the sheriff was sufficient and because the complaint was never answered, entered a default judgment against the estate of the pilot. After appellant learned of the default judgment, it filed a motion to intervene under Rule 24 (a), A. R. Civ. P., Vol. 3a (Repl. 1979) which was denied. This rule provides:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Appellant then filed a motion to set aside the default judgment alleging insufficient notice of the proceedings. The trial court also denied this motion.

Ark. Stat. Ann. § 62-2601 (f) (Repl. 1971), upon which appellee's suit was based, provides:

> f. Certain Tort Claims Not Affected. Notwithstanding the foregoing provisions relating to the time of filing claims against an estate, or any other provisions of this Probate Code, a tort claim or tort action against the estate of a deceased tortfeasor, to the extent of any recovery which will be satisfied from liability insurance or from Uninsured Motorist insurance coverage and which will not use, consume or deplete

any assets of the decedent's estate, may be brought within the limitation period otherwise provided for such tort action. No recovery against the tortfeasor's estate shall use, consume, diminish, or deplete the assets of the decedent's estate, and any such recovery shall not affect the distribution of the assets of the estate to the heirs, next of kin, legatees, or devisees of the decreased tortfeasor unless a claim is filed in the manner and within the time provided by the Probate Code for filing claims against the estate.

Under the provisions of this statute the insurance company is the only party financially interested in the outcome of the case. Although the estate is the named defendant, it is not financially liable under the statute. Therefore, because of the peculiar nature of the statute, it in effect confers an unconditional right to intervene on the insurance carrier under Rule 24 (a).

Again, due to the unique provisions of this statute, the insurance carrier, appellant, is entitled to notice of the proceedings. Due process requires that the method of giving this notice shall be reasonably calculated, under all the circumstances, to apprise the insurance company of the pendency of the action. *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). Here, attempted notice by a letter mailed to the wrong address is not calculated to appropriately notify appellant of the suit.

Since sufficient notice of the suit was not given to the appellant, the motion to set aside the default judgment must be granted, and appellant must be allowed to intervene.

Reversed and remanded.