Yvette NEAL and Frank Hammond *v.* J. B. HUNT TRANSPORT, INC.

90-267                                          805 S.W.2d 643

Supreme Court of Arkansas
Opinion delivered March 25, 1991

*Gary Eubanks and Assoc.*, by: *James Gerard Schulze*, for appellant.

*Huckabay, Munson, Rowlett & Tilley*, by: *Bruce Munson*, for appellee.

DAVID NEWBERN, Justice. In this negligence case the appellants, Yvette Neal and Frank Hammond, alleged a truck owned by the appellee, J.B. Hunt Transport, Inc., (Hunt) ran their car off the road while passing on a two lane highway, causing Neal and Hammond to be injured. A jury found in favor of Hunt. Neal and Hammond contend two instructions given by the court were erroneous. First, they claim it was error to instruct the jury with respect to a duty they had to yield to the right and not increase speed upon "audible signal," absent any evidence of such a signal. Second, they contend it was error to give a joint venture instruction absent a showing of some business relationship or purpose common to Neal and Hammond. We reverse on the audible signal instruction and discuss the joint venture instruction because the issue may arise on retrial.

Ms. Neal and Mr. Hammond were college students and co-owners of a green 1981 Mazda GLC automobile. Ms. Neal testified she was driving the vehicle south. Hammond, who had been driving earlier, was a passenger. Ms. Neal testified two 18-wheeler trucks passed them. The second passing truck, owned by Hunt and driven by John Delgado, pulled back into the right-hand lane before completing the pass, causing Neal to swerve off the highway and then back on. There was no contact between the vehicles. Neal and Hammond claimed they were injured physically and emotionally.

Hammond's testimony corroborated that of Neal to the effect they were forced off the road when the Hunt truck returned to their lane to avoid hitting the oncoming yellow car.

Billy Gene Piggee testified he was driving north in his yellow car when the incident occurred and that his car was run off the road by the oncoming Hunt truck. One of his rear wheels went

into the ditch. He saw the green car go off the highway in the course of the incident.

James Austin was driving north following Piggee. He testified he saw the second (Hunt) truck almost hit the yellow car, and that the green car went off on the other side of the road.

John Delgado, the Hunt driver, testified he recalled the incident but that he was passing "a red Chevrolet Caprice . . . being driven . . . by [an] elderly woman . . . with three . . . elderly passenger women." He thought he had plenty of time to pass, but "apparently their speed had increased" and, with the yellow vehicle coming toward him, he watched his mirror to assure clearance of the red Chevrolet Caprice and then switched back to the right-hand lane. When asked, after some coaxing by counsel for Hunt, if he could be wrong about the "red vehicle," Delgado said he could possibly be but he did not believe so. He said it could have been Neal and Hammond he passed.

### 1. Audible signal

Arkansas Code Ann. § 27-51-306(2) provides:

> Except when overtaking and passing on the right is permitted, the driver of an overtaken vehicle shall yield to the right in favor of the overtaking vehicle on audible signal and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle.

Arkansas Model Jury Instructions 903 is designed to allow the court to instruct the jury that violation of a statute, while not necessarily an act of negligence, may be considered along with other facts and circumstances as evidence of negligence. The model instruction permits the court to summarize or quote the statute in question. Counsel for Hunt asked that it be given quoting Ark. Code Ann. § 27-51-306(2) (1987) with a modification. The instruction proffered by Hunt has not been abstracted, but apparently it would have removed the reference to "audible signal," as there was no evidence whatever of any such signal having been given in this case. The court refused the modification and decided to give the instruction, quoting the statute without modification. Counsel for Neal and Hammond objected because the instruction quoting the statutory section would make reference to audible signal despite the lack of any evidence that one

was given.

■ We hold the instruction was abstract and could have been prejudicial and thus constituted reversible error. That was our holding in *Smith* v. *Alexander*, 245 Ark. 567, 433 S.W.2d 157 (1968). Counsel for Hunt attempts to distinguish the case, arguing that our holding was based on the fact that there we were dealing with two vehicles, and each driver contended he or she was driving the "overtaking vehicle." While we said that fact was a reason for concluding the jury would be confused by the instruction, we made it clear that:

> this rule of the road imposes a duty on the driver being overtaken. The duty was shifted to that driver by Act 300 of 1937. There the requirement that an overtaking driver always sound his horn was deleted. Consequently the instruction should not be given unless there is evidence that the driver being overtaken failed to give way to the right on audible signal.

Here we have neither evidence of audible signal nor evidence that the overtaken vehicle failed to give way to the right. We would have to strain to say there was evidence that Neal increased the speed of her car while being passed. Delgado's testimony was that "apparently" the red Chevrolet Caprice increased its speed. That was weak and equivocal testimony, even if it had been clearly in reference to a green Mazda as opposed to a red Chevrolet Caprice.

■ Hunt argues the burden of the statue should have been placed on Neal and Hammond because Neal was aware the truck was passing her, thus the audible signal was unnecessary. No authority is cited for that argument, and it is not convincing in view of our clear language in *Smith* v. *Alexander, supra.*

### 2. Joint venture

We find no error in the joint venture instruction. Neal and Hammond live together and are the parents of a child. When the incident in question occurred, they were returning from a trip to Little Rock to pick up Hammond's nephew at a hospital. They complain that their common ownership of the car is insufficient to warrant the instruction and it was inappropriate to give such an instruction absent a business relationship between them. Citing

*Woodward* v. *Holliday*, 235 Ark. 744, 361 S.W.2d 744 (1962), and *Wymer* v. *Dedman*, 233 Ark. 854, 350 S.W.2d 169 (1961), they contend there must be a showing of "an equal right to direct and govern the movements and conduct of each other in respect to the common object and purpose of the undertaking."

■ After explaining how the joint enterprise doctrine has fallen into disrepute, a leading torts authority notes that, "The essential question is whether the parties can be found by implication to have agreed to an equal voice in the management of the vehicle, which in the normal and usual case is merely an issue of fact for the jury." D. Dobbs, R. Keeton, and G. Owen, *Prosser and Keeton on Torts*, p. 521 (5th Ed. 1984).

We are not asked to decide whether there was sufficient evidence of negligence on the part of Ms. Neal to justify a joint enterprise instruction which, presumably, was for the purpose of imputing any negligence on the part of Neal to Hammond. We are concerned only with the question whether, as they put it, there was a showing of "an equal right to direct and govern the movements and conduct of each other in respect to the common object and purpose of the undertaking."

In *Reed* v. *McGibboney*, 243 Ark. 789, 422 S.W.2d 115 (1967), we found a basis for the joint enterprise instruction in testimony of a man who owned the car being driven by a friend while they were returning from a business open house. The owner testified that he could have asked the driver to stop the car, and he could have taken control at any time. Ms. Neal testified she would have turned the driving back over to Hammond if he had asked.

■ While we are not enamoured of the joint enterprise doctrine, it is a part of the common law of this State. Assuming the evidence on retrial is sufficient to raise an issue of negligence on the part of Neal and it remains the same on the matter of right to control the vehicle, the giving of the instruction will not constitute error.

Reversed and remanded.