# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2560

_____

| | | |
|---|---|---|
| David M. Webber, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Brandy L. Sobba, | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Defendant - Appellee, | * | |
| | * | |
| State Auto National Insurance | * | |
| Company, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted: January 14, 2003

Filed: March 20, 2003

_____

Before BOWMAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

BOWMAN, Circuit Judge.

David Webber sued Brandy Sobba for negligence and damages arising out of injuries he sustained in a single-car accident on a rural road in Fulton County, Arkansas, on August 22, 1997. Webber was a passenger in a vehicle driven by Sobba and owned by Holly Bray, another passenger in the car. In response to Webber's

claims, Sobba pleaded the joint-enterprise defense, asserting Webber could not recover from her because they were engaged in a joint enterprise and, therefore, any negligence on her part would be imputed to Webber. Webber filed a motion for partial summary judgment seeking to strike this defense, arguing that under Arkansas law the joint-enterprise defense is not available in an action by one member of the joint enterprise against another member, e.g., when a passenger sues a driver. The District Court denied Webber's motion, holding that while the joint-enterprise defense has fallen into disrepute, it has not been rejected by Arkansas courts. At the close of the evidence at trial, Webber renewed his argument by moving for judgment as a matter of law (JAML) on the joint-enterprise defense. The District Court denied Webber's motion and, over Webber's objection, instructed the jury on the defense. The District Court also instructed the jury on comparative fault. The jury returned a general verdict for Sobba, and the District Court entered judgment in her favor.

On appeal, Webber argues the District Court erred in instructing the jury on the joint-enterprise defense and that this error was so prejudicial as to warrant a new trial. Because we believe the Arkansas Supreme Court would find that the joint-enterprise defense is not applicable in these circumstances, and because we cannot say that giving the erroneous joint-enterprise instruction was harmless error, we reverse the judgment and remand the case for a new trial consistent with this opinion.

I.

During the late afternoon of August 22, 1997, Webber, age 23, met his friend Bray, age 20, in a parking lot in Salem, Arkansas, and the two drove in Webber's pickup truck to a liquor store in Lanton, Missouri, where Webber purchased several cases of beer and wine coolers. Webber put the alcohol in a cooler in his truck, and the two drank during their drive back to Salem. Upon their return, Webber parked his pickup truck, transferred the cooler to Bray's car, and the two then proceeded to drive Bray's car around town. Approximately an hour later, Webber and Bray stopped at

a convenience store in Salem and encountered Sobba, age 18, whom Webber had previously dated. Sobba joined them, and the three continued to drink and drive around Salem. Later that evening, they drove to neighboring Viola, Arkansas, so Webber could visit his sister. Sobba and Bray sat in the car while Webber talked to his sister. Thirty minutes later, Webber returned and told Sobba, who was now the driver, to take the back road to Salem so as to avoid the police. Webber gave Sobba driving directions because she was unfamiliar with the route. Webber sat in the front seat (half on the console and half on the passenger-side bucket seat) between Sobba and Bray, who had passed out by this time. At trial, Sobba testified that while she was driving Webber began trying to kiss and touch her. Sobba's last recollection before the car left the road and hit a bridge abutment was trying to push Webber off of her. In his testimony, Webber denied making any physical advances toward Sobba while she was driving. Although all three survived, each suffered serious injuries from the accident.

Webber initially filed his negligence and damages suit against Sobba in Arkansas state court. Sobba pleaded comparative fault and joint enterprise as defenses. In response, Webber moved for partial summary judgment on Sobba's joint-enterprise defense. The state court denied Webber's motion and the case proceeded to trial. After the court empaneled the jury, Webber nonsuited and his case was dismissed without prejudice. Subsequently, Webber refiled the instant action in the United States District Court for the Eastern District of Arkansas[1] and again sought summary judgment on Sobba's joint-enterprise defense, arguing that, under Arkansas law, negligence is not imputed to the passenger in an action between a passenger and a negligent driver. The District Court denied the motion, holding that, based on a review of applicable Arkansas precedent, the Arkansas Supreme Court would allow

---

[1]The District Court had jurisdiction over this case on the basis of diversity of citizenship because, at the time the suit was filed, Webber was a citizen of Florida, Sobba was a citizen of Arkansas, and the amount in controversy exceeded $75,000. See 28 U.S.C. § 1332(a)(1).

Sobba to raise this defense. At the close of the case, the District Court denied Sobba's motion for JAML and Webber's motion for JAML on the joint-enterprise defense. The District Court also overruled Webber's objection to the jury instruction on the defense, which stated that the jury should return a verdict in favor of Sobba if they found that Webber and Sobba were engaged in a joint enterprise. See Jury Instruction 11. The District Court also gave a comparative fault instruction, stating that if Webber's negligence was equal or greater in degree than Sobba's negligence, then the jury verdict should be for Sobba. See Jury Instruction 12. The jury returned a general verdict in favor of Sobba, but it is not clear on which ground it based its verdict. This appeal followed.

## II.

In a diversity case, we review a district court's interpretation of state law de novo, giving no deference to that interpretation. Orion Fin. Corp. v. Am. Foods Group, Inc., 281 F.3d 733, 738 (8th Cir. 2002). When state law is unsettled or unclear on a particular question, it is our duty to apply the rule we believe the state supreme court would follow. Id.; see also Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938).

Here, we are not aware of, nor did the parties direct us to, any Arkansas Supreme Court decision that squarely addresses the narrow question now before us: whether the joint-enterprise defense can be asserted against another member of the enterprise. Consequently, we look to resources that the Arkansas Supreme Court has relied on in the past to determine whether the defense is permissible: related Arkansas case law, the Restatement of Torts, and authority from other states. See Reliance Nat. Indem. Co. v. Jennings, 189 F.3d 689, 694 (8th Cir. 1999) ("When the highest court in a state has not declared its law on an issue, we are 'to ascertain from all the available data what the state law is and apply it.'") (predicting how the Arkansas Supreme Court would treat comparative fault in a malpractice action) (internal

citation omitted). We also examine what policy justifications exist for Arkansas to depart from the majority rule on the joint-enterprise defense, as embodied in the Restatement. Based on our consideration of the foregoing, we conclude that the Arkansas Supreme Court would reject the application of the joint-enterprise defense in these circumstances.

Although there is no Arkansas case directly on point, Sobba urges us to read three other Arkansas appellate decisions as recognizing the joint-enterprise defense in an action brought by a passenger against a driver. We find those cases distinguishable. There is nothing in the Arkansas Supreme Court's decision in <u>Rone v. Miller</u>, 520 S.W.2d 268, 272 (Ark. 1975), that suggests either party challenged the applicability of the joint-enterprise defense in an action between members of a joint-enterprise, and thus we cannot draw any conclusion from the court's silence on the question.[2] Similarly, the decisions of the Arkansas Supreme Court in <u>RLI Insurance</u>

_____

[2]At first blush, <u>Rone</u> appears to support Sobba's contention regarding the applicability of the joint-enterprise defense in these circumstances. In that case, Edward Floyd, Ricky Rone and another passenger were killed in a single-car accident. <u>Rone</u>, 520 S.W.2d at 269. Floyd's estate sued Rone's estate, alleging Rone was driving when the accident happened. <u>Id.</u> In response, the defendant raised the affirmative defenses of joint venture, assumption of risk, and contributory negligence and offered evidence as to who drove the car. <u>Id.</u> The trial court excluded that evidence and the jury returned a verdict for the plaintiff. <u>Id.</u> On appeal, the Arkansas Supreme Court found that "the rejected proffer of evidence was relevant to the affirmative defenses of joint venture, assumption of risk and the degree of contributory negligence by [plaintiff]" and that the defendant "would be entitled to appropriate instructions upon these affirmative defenses whenever evidence is adduced to justify them." <u>Id.</u> at 270, 272. We do not believe <u>Rone</u> supports the applicability of the joint-enterprise defense here. Unlike the plaintiff in the instant case, the plaintiff in <u>Rone</u> never questioned the applicability of the defense. Thus, the Arkansas Supreme Court was not confronted with the issue now before us. As discussed <u>infra</u>, we do not think the Arkansas Supreme Court would adopt such a rule.

Co. v. Coe, 813 S.W.2d 783 (Ark. 1991), and the Arkansas Court of Appeals in Southern Farm Bureau Casualty Insurance Co. v. Pettie, 924 S.W.2d 828 (Ark. Ct. App. 1996), fail to support Sobba's position on the applicability of the defense because in both cases the courts found that no joint enterprise existed between members of the enterprise. See 813 S.W.2d at 788; 924 S.W.2d at 834. Neither case reached the question before us.

In light of the dearth of Arkansas authority on this issue, we think it helpful to examine what other state supreme courts have decided when they have squarely addressed this question. The overwhelming majority rule rejects the joint-enterprise defense as applied to members of joint enterprises who assert negligence claims against one another. See Fowler V. Harper et al., The Law of Torts § 23.7 (2d ed. 1986) (noting the "great weight of authority confines the doctrine of imputed negligence" to claims "against someone who is an outsider" to the enterprise) (collecting cases); 65 C.J.S. Negligence § 269 (2000) ("The doctrine of joint enterprise has no application to actions brought by one joint adventurer against another to recover for injuries due to the latter's negligence.") (collecting cases); 57B Am. Jur. 2d Negligence § 1795 (1989) ("[T]he doctrine of common or joint enterprise as a defense is applicable only as regards third persons and not parties to the enterprise.") (collecting cases).[3]

---

[3]In order for a joint enterprise to exist under Arkansas law, the participants in the joint enterprise must have a "community of interest in the object and purpose of the undertaking" for which the vehicle is being used, and each participant must have "an equal right to direct and govern" the control of the operation of the vehicle. Woodard v. Holliday, 361 S.W.2d 744, 745 (Ark. 1962); see also Pittman v. Frazer, 129 F.3d 983, 986 (8th Cir. 1997) (stating requirements for a joint enterprise under Arkansas law). Under the joint-enterprise defense, when a member of the joint enterprise is injured and that person brings an action against a third party, i.e., a person who is not a member of the joint enterprise, any negligence of another member of the joint enterprise that was a proximate cause of the injury is imputed to the member of the enterprise who brought the action. See, e.g., Neal v. J.B. Hunt

The Restatement's position reflects, and may be largely responsible for, the overwhelming majority rule: "Any person engaged in such a joint enterprise is not barred from recovery against the member of the group who is negligent . . . . " Restatement (Second) of Torts § 491(2) (1965). The Arkansas Supreme Court frequently looks to the Restatement to answer unsettled questions of tort law. See Mason v. Wal-Mart Stores, Inc., 969 S.W.2d 160, 165 (Ark. 1998) (adopting the Restatement of Torts position on tortious interference with a contract); Elkins v. Arkla, Inc., 849 S.W.2d 489, 490–91 (Ark. 1993) (referring to the Restatement of Torts to clarify Arkansas law on an employer's liability for an independent contractor); Dodrill v. Arkansas Democrat Co., 590 S.W.2d 840, 844–45 (Ark. 1979) (discussing the adoption of the Restatement of Torts position on invasion of privacy), cert. denied, 444 U.S. 1076 (1980). Given its practice of looking to the Restatement and the wide acceptance by other courts of the Restatement's rule, we think it likely that the Arkansas Supreme Court would follow the overwhelming majority rule on this issue and not allow Sobba to raise the joint-enterprise defense. See Sproles v. Associated Brigham Contractors, Inc., 889 S.W.2d 740, 742 (Ark. 1994) (describing the Restatement of Torts and the law of other jurisdictions as "forceful authority").

While Arkansas law occasionally diverges from the majority rule on tort liability questions, see, e.g., Youngman v. State Farm Mut. Auto. Ins. Co., 971 S.W.2d 248, 250–51 (Ark. 1998) (reaffirming that Arkansas does not adhere to the majority rule that allows an injured insured motorist to recover from multiple uninsured motorist insurance policies), our examination of the trend in Arkansas in

---

Transp., Inc., 805 S.W.2d 643, 645 (Ark. 1991) (noting defendant raised joint-enterprise defense in response to negligence claim brought by plaintiffs Neal and Hammond where, at the time of the traffic incident, plaintiffs were engaged in a joint enterprise and that, by virtue of that fact, any negligence by Neal was imputed to Hammond) (holding joint-enterprise instruction would not constitute error on remand, assuming evidence on retrial is sufficient to raise an issue of negligence on the part of Neal).

expanding tort liability and the policy undergirding the application of the joint-enterprise defense convince us that the Arkansas Supreme Court would not find a justification for departing from the majority rule in this case.

Generally speaking, the zone of tort liability in Arkansas has been expanding. See Rini v. Oaklawn Jockey Club, 861 F.2d 502, 507–09 (8th Cir. 1988) (discussing the abrogation of the assumption-of-the-risk doctrine in Arkansas); Fields v. Southern Farm Bureau Cas. Ins. Co., 87 S.W.3d 224, 230 (Ark. 2002) (narrowing the circumstances in which the parental-immunity doctrine applies); Suneson v. Holloway Constr. Co., 992 S.W.2d 79, 85 (Ark. 1999) (abolishing the "accepted-work" doctrine); Jackson v. Cadillac Cowboy, Inc., 986 S.W.2d 410, 415 (Ark. 1999) (overturning cases that barred dram-shop liability). We believe that this trend would continue absent some principled policy reason to the contrary.

We can find no policy reason to protect one member of a joint enterprise from suit by a fellow member. Imputation of negligence in these circumstances would allow a negligent party to use his or her own culpability as a shield from any liability. Whatever we might think of Webber's conduct, if Sobba was negligent and if that negligence was the primary cause of Webber's injuries, then Sobba should be held responsible for her actions. We do not believe the law permits Sobba to escape liability solely on the ground that if the jury finds she and Webber were engaged in a joint enterprise, her negligence should be imputed to Webber.

Moreover, we think the joint-enterprise defense is unnecessary in these circumstances because the doctrine of comparative fault allows the jury to weigh the relative negligence of the two parties and determine whether the injured party should be held culpable for his own contribution to his injury. See Reliance Nat. Indem. Co., 189 F.3d at 694 (noting "comparative negligence continues to be the state policy [in Arkansas] and permits a party to recover damages if its fault is less than that of its adversary"). Given the evidence in this case, it is easy to imagine a jury holding

Webber accountable for his own injuries given that he supplied alcohol to Sobba, a minor, got her to take unfamiliar roads at night, and allegedly groped her while she was driving.

In summary, we find no clear answer in Arkansas's case law to the question of whether the joint-enterprise defense applies to suits between members of the joint enterprise. We believe the Arkansas Supreme Court would adopt the Restatement position, which is accepted in virtually every jurisdiction that has addressed this question, absent some justifiable reason not to. Upon examination, we think there is no principled justification for applying the joint-enterprise defense to suits among members of the enterprise. The concerns that the joint-enterprise defense attempts to satisfy are already addressed in Arkansas's comparative-fault scheme, thus making the rule an unnecessary anachronism. We find it very likely that the Arkansas Supreme Court would decline to extend the rule's application to suits between joint-enterprise members. For this reason, we conclude the District Court was in error when it instructed the jury on the joint-enterprise defense. This instruction should not have been given.

Because the District Court gave an erroneous jury instruction on this question of law, we must next consider whether the incorrect instruction was prejudicial enough to warrant a new trial. Applying Arkansas law, we conclude that this erroneous instruction was prejudicial because the jury's general verdict leaves us with no idea whether the jury relied on the erroneous instruction when rendering its verdict. See Arthur v. Zearley, 992 S.W.2d 67, 78 (Ark. 1999). We therefore must order a new trial unless additional factors make it clear that the erroneous instruction was harmless. See id. Sobba argues that the error was harmless because Webber's negligence is so clearly established that, as a matter of law under the comparative fault doctrine, his greater negligence bars any recovery from her. We disagree.

Though we believe a properly-instructed jury might well find in Sobba's favor, it cannot be said with certainty that the jury verdict would not go Webber's way. Given the record before us, we would be invading the province of the jury were we to say it is "clear" that Webber was more responsible for the accident than was Sobba. See Lockett v. Int'l Paper Co., 871 F.2d 82, 84 (8th Cir. 1989) ("Where there is evidence of negligence on the part of both plaintiff and defendant, apportionment of fault under Arkansas's comparative fault statute becomes a matter solely within the province of the finder of fact."). Because the outcome of this case depends largely on credibility determinations that are for the trial jury to make; because the evidence in this case appears capable of supporting a jury verdict favoring either of the contending parties; and because we have no way of knowing that the general verdict for Sobba was not a product of the improper joint-enterprise instruction, we cannot say that the improper instruction on the joint-enterprise defense was harmless error.

## III.

For the reasons stated, the judgment is reversed, and the case is remanded for a new trial.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-10-