The Honorable Phillip Jackson State Representative 4015 Highway 143 Berryville, AR 72616
Dear Representative Jackson:
I am writing in response to your request for an opinion on the following matter:
 Does a County incur any liability for the acts of "first responder" medical personnel, organized as a non-profit corporation, if the County permits the Sheriff's Office to dispatch those personnel to medical emergencies and also permits the first responder personnel to use the Sheriff's radio frequencies to communicate with other emergency service providers such as ambulances, fire departments and law enforcement agencies?
RESPONSE
The exact nature of the relationship between the County and the "non-profit corporation" is unclear. Furthermore, you do not specify what sort of "`first responder' medical personnel" are involved. In light of the incomplete facts set forth in your request for an opinion and the factually-intensive nature of liability and immunity inquiries, I am unable to offer an authoritative opinion on the matter. I recommend consultation with the county attorney who should be more familiar with the pertinent factual situation. Nonetheless, I will attempt to set for the general legal standards regarding liability for counties below.
I have described the immunity from liability available to counties in previous opinions. See Op. Att'y Gen. 2003-266. Specifically, A.C.A. §21-9-301 addresses a county's potential liability stating:
 It is declared to be the public policy of the State of Arkansas that all counties . . . of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit except to the extent that they may be covered by liability insurance. No tort action shall lie against any such political subdivision because of the acts of its agents or employees.
Id. This provision has been applied only to situations involving tort liability. See City of Caddo Valley v. George, 340 Ark. 203, 9 S.W.3d 481
(2000). Furthermore, the Arkansas Supreme Court has extended this immunity to the officers and employees of the political subdivisions when the officers or employees commit negligent acts or omissions in their official capacities. See, e.g. Autrey v. Lawrence, 286 Ark. 501,696 S.W.2d 315 (1985). This immunity, however, does not extend to intentional torts committed by public officials. See, e.g., West MemphisSch. Dist. No. 4 v. Circuit Court, 316 Ark. 290,871 S.W.2d 368 (1994).
Generally speaking, a county will therefore be immune from liability in State court for negligent actions committed by the employees or officers of the county within the scope of their duties except to the extent that the county has liability insurance. The question of whether the negligent actions of first responder medical personnel who are employees of a private non-profit company dispatched by the county might subject the county to liability may depend upon two inquiries: 1) whether the medical personnel will be considered "agents" of the county or involved in a "joint enterprise" with the county, and 2) whether the county carries liability insurance covering these medical personnel if they are considered agents of the county.
The question of agency or "joint-enterprise" is a fact-intensive inquiry that is properly determined by a court. Howard v. The Dallas MorningNews, Inc., 324 Ark. 91, 103, 918 S.W.2d 178 (1996). Agency requires that the agent agree to act for the principal and that agreement be oral, written, or implied from the conduct of the parties. Id. at 98-99. Joint-enterprise liability requires a showing of 1) a common object and purpose of the undertaking; 2) an equal right to direct and govern the movements and conduct of each other with respect to the common object and purpose. Lovell v. Brock, 330 Ark. 206, 952 S.W.2d 161 (1997). The court has held that "[w]hile we are not enamored of the joint enterprise doctrine, it is a part of the common law" despite having "fallen into disrepute." Neal v. J.B. Hunt Transp., Inc., 305 Ark. 97, 101,805 S.W.2d 643 (1991). Again, however, the immunity granted by statute may shield a county from liability except to the extent of liability insurance as discussed above.
Any independent immunity afforded the "first responders" to whom you refer must also be analyzed. Because you have not indicated the nature of this entity, I cannot come to any conclusions in this regard. If the nonprofit corporation or its employees possess any independent immunity from liability, this may be relevant in shielding the county from liability.
Whether the surrounding factual situation creates an agency-principal or joint enterprise relationship or whether any immunity for the non-profit corporation is relevant should be discussed with the county attorney, who will have a greater familiarity with the surrounding circumstances of your question.
Additionally, if the county were sued in federal court, a different standard would apply. In federal court, the county may be able to claim "qualified immunity." Qualified immunity applies to the actions of individual officers and employees who undertook the performance of their governmental duties in good faith and whose actions did not violate a clearly established constitutional right. Saucier v. Katz, 533 U.S. 194
(2001). This is a test of the "objective legal reasonableness of the action" viewed in the context of the "clearly established" legal rules at the time the action was taken. Id. Again, this question would be one of fact.
On a separate note, it is my opinion that allowing medical personnel to use the sheriff's radio frequencies to communicate with other first responders may run afoul of A.C.A. § 12-10-208, which prohibits the use of the sheriff's radio frequencies for any use other than law enforcement purposes. Specifically, A.C.A. § 12-10-208(a) states:
 All radio transmissions [on the assigned county operating frequency] should be used for conducting official law enforcement business only. . . .
Id.[1]
A county does not have the authority to act contrary to State law. See,e.g. A.C.A. § 14-14-808 (limiting county legislative authority to prohibit exercises inconsistent with state law and regulatory schemes). While the dispatch of the first responders would fall within the ambit of A.C.A. § 12-10-307 (Repl. 2003) if the sheriff's office were a "911 public safety communications center," your question inquires about communications subsequent to the dispatch of the medical personnel by the medical personnel over the sheriff's radio frequencies. It is unclear as a factual matter whether such subsequent communications would be considered a "law-enforcement" purpose.
As noted above, issues regarding liability are factually intensive issues that require knowledge of the surrounding circumstances. This office is neither authorized nor equipped to undertake a fact-finding role. Consultation with the county attorney appears warranted.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MD:JMD/cyh
[1] Arkansas Code Annotated § 12-10-202(b) (Repl. 2003) provides that violations of subchapter 2 of Title 12, Chapter 10 are punishable as Class A misdemeanors.